MITCHELL *v.* VAN KEULEN & WINCHESTER LUMBER CO.

AUTOMOBILES—MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW.

> Since subdivision 3 of § 10 of Act No. 318, Pub. Acts 1909 (2 How. Stat. [2d Ed.] § 2496), is unconstitutional in so far as it creates a liability of the proprietor of an automobile for negligent acts of persons in control of the car, unless it was stolen *(Daugherty* v. *Thomas,* 174 Mich. 371 [140 N. W. 615]), a judgment for defendant upon a directed verdict in an action for injuries caused by an automobile in charge of the daughter of one of defendant's officers is affirmed without deciding the questions presented on appellant's behalf.[1]

Error to superior court of Grand Rapids; Stuart, J. Submitted January 24, 1913. (Docket No. 20.) Decided April 8, 1913.

Case by Louise K. Mitchell as administratrix of the estate of Charles F. Mitchell, deceased, against the Van Keulen & Winchester Lumber Company for the negligent killing of decedent. Judgment for defendant on a directed verdict; plaintiff brings error. Affirmed.

*Smedley, Linsey & Lillie,* for appellant.
*Wilson & Wilson,* for appellee.

OSTRANDER, J. Plaintiff's intestate was killed by an automobile owned by the defendant corporation,

---

[1] The authorities on the question of the liability of the owner of an automobile for injuries caused thereby while being used by a servant or a third person for his business or pleasure are collated in notes in 9 L. R. A. (N. S.) 1033; 14 L. R. A. (N. S.) 216; 21 L. R. A. (N. S.) 93; 26 L. R. A. (N. S.) 382; 33 L. R. A. (N. S.) 79; and 37 L. R. A. (N. S.) 834. And on the liability of an owner for negligence of borrower or hirer of automobile, see note in 33 L. R. A. (N. S.) 81.

As to the liability where the automobile is being used by a member of owner's family, see note in 41 L. R. A. (N. S.) 775.

driven by a daughter of an officer of the corporation. It does not appear that she was a servant of the defendant, nor using the machine upon its business. The action was brought against the defendant under the provisions of subdivision 3 of section 10 of Act No. 318 of the Public Acts of 1909 (2 How. Stat. [2d Ed.] § 2496, subd. 3).

The trial court directed a verdict for the defendant upon the testimony produced by the plaintiff, upon the ground (1) that no negligence of the driver of the automobile had been made out; (2) that there was evidence of contributory negligence on the part of plaintiff's intestate. Upon this order and direction the single assignment of error is based.

One ground of the motion for a peremptory instruction was that the word "owner" in the provision of the statute relied upon by plaintiff must be construed to mean, not the real owner of the car, but the person in charge thereof at the time the injury complained about is done, and in this court it is a contention of appellant that, unless so construed, the provision is unconstitutional and void.

In view of the recent decision of this court (*Daugherty* v. *Thomas*, 174 Mich. 371 [140 N. W. 615]), we do not consider the reasons presented by appellant for a reversal of the judgment. We do not understand it to be claimed that the defendant is liable in this action, unless made liable by the statute.

The judgment is affirmed.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.