JOSEPH DE SMET, Respondent, v. JULIAN BENEDICT NILES,
Appellant.

First Department, November 17, 1916.

Motor vehicles — negligence — liability of owner for negligent operation
of car by his brother.

The authority given by the owner of a car to his brother to take the same
out whenever his mother wanted to go, does not render the owner
liable for an accident resulting from the negligence of the brother while
using the car at the request of the mother and without further authority
from or notice to the owner.

APPEAL by the defendant, Julian Benedict Niles, from a
judgment of the County Court of Bronx county, entered in
the office of the clerk of said county on the 24th day of Janu-
ary, 1916, upon the verdict of a jury for $300, and also from
an order entered in said clerk's office on the same day denying
defendant's motion for a new trial made upon the minutes.

*William W. Niles* [*Francis C. Nickerson* of counsel], for
the appellant.

*Henry Waldman*, for the respondent.

PAGE, J.:

The action was to recover damages for personal injuries sus-
tained by reason of the alleged negligent operation of an
automobile belonging to the defendant.

There was sufficient evidence to sustain the verdict of the
jury on both propositions of the negligence of the driver of
the automobile and the freedom from contributory negligence
of the defendant. The serious question in this case, however,
is as to liability. The defendant, a young man of about
twenty-one or twenty-two years of age living with his father
and mother, owned this car. William W. Niles, Jr., testified
that his brother, the defendant, had forbidden him to take the
car out alone, but that any time his mother wanted him to take
her out, he could take her out in the car. On this occasion
the mother had asked William to get the car for the purpose
of taking her and a friend of the mother from their residence

to the friend's home in One Hundred and Sixteenth street. It appeared that the defendant was not consulted and gave no special permission for the use of the car on this trip. It is very evident that the car was not being used in the business of the defendant but solely for the purposes and pleasures of the mother, and the mere authority given to William to take the car out when his mother wished him to did not render the defendant liable. (See *Reilly* v. *Connable*, 214 N. Y. 586; *Cunningham* v. *Castle*, 127 App. Div. 580; *Tanzer* v. *Read*, 160 id. 584; *Freibaum* v. *Brady*, 143 id. 220; *Maher* v. *Benedict*, 123 id. 579; *Heissenbuttel* v. *Meagher*, 162 id. 752; *Clark* v. *Buckmobile Co.*, 107 id. 120.)

The judgment and order should be reversed, with costs to the appellant, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.