### GEORGE HIGGINS *vs.* SAMUEL L. BICKFORD.

Suffolk.    March 19, 1917. — May 24, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Agency*, Existence of relation.    *Motor Vehicle.*

In an action for personal injuries sustained by being run into by a motor car of the defendant when driven by one M, it appeared that the plaintiff was in the exercise of due care and that M was negligent, and the only question was whether M was acting as the agent of the defendant at the time of the accident. There was evidence that the defendant was the general manager and M was the assistant manager of a corporation that conducted "lunch rooms" and that the motor car was used both by the defendant and by M for pleasure driving and in connection with the business of the lunch rooms, that M "took all orders from the defendant and was under his general charge." The defendant testified that he could not tell whether the car was being used "for any particular purpose at the time of the accident" and "that he had no recollection as to what M was using the automobile for on the day of the accident, except what he might infer from the custom between them." The defendant then was asked, "Bearing in mind his custom, is there any doubt in your mind that he was

using it on your account that night?" and answered, "No doubt whatever in my mind but what that was what he was using it for." He then was asked, "On your account?" and answered, "Yes, I suppose so." *Held,* that there was evidence for the jury that at the time of the accident M· was driving the car in behalf of the defendant.

TORT for personal injuries sustained by the plaintiff between five and half past five o'clock in the afternoon of April 18, 1913, when the plaintiff on foot was crossing Summer Street in Boston near the corner of Chauncy Street, by being run into by a motor car belonging to the defendant and driven by one Munroe alleged to have been the servant or agent of the defendant. Writ dated June 16, 1913.

In the Superior Court the case was tried before *Stevens,* J. The bill of exceptions contained the following statements: "There was evidence tending to show that the plaintiff was lawfully travelling upon the public highway and was at all times in the exercise of due care. There was also evidence tending to show negligence on the part of the person then operating defendant's automobile and that as a result of the collision the plaintiff sustained bodily injuries." The defendant was called as a witness by the plaintiff and gave the testimony which is described in the opinion. Munroe was called as a witness by the defendant. The testimony of these two witnesses was all the evidence introduced either by the plaintiff or the defendant upon the question whether at the time of the accident Munroe was operating the motor car as the agent of the defendant.

At the close of the evidence the judge ruled that there was not sufficient evidence to warrant the submission of the case to the jury upon the question mentioned above. He ordered a verdict . for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*W. H. Shea,* for the plaintiff.

*C. S. Knowles,* for the defendant.

BRALEY, J. While crossing a public way on foot the plaintiff, whose due care is not questioned, suffered personal injuries, as the jury could find, through the negligence of one Munroe who was in physical possession of and was driving the defendant's motor car. The question for decision is whether there was any evidence for the jury that at the time of the accident Munroe was acting as the defendant's servant or agent.

The jury would have been warranted in finding on the entire evidence, that the car was used, not only for pleasure driving by the defendant and by Munroe with the defendant's permission, but also in making collections and in supervision of "lunch rooms" connected with the business of the Kelsey Company of which the defendant was general manager and Munroe the assistant manager. It is clear that, if the car was being used for the first purpose, no serviential relation was shown. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516. But the jury further could have found on the defendant's testimony, "that Munroe took all orders from the defendant and was under his general charge." It is true he also testified, that when Munroe "reported the accident to him, Munroe did not have any collections belonging to the . . . company with him," and that he "could not tell whether" the car was being used "for any particular purpose at the time of the accident," and "that he had no recollection as to what Munroe was using the automobile for on the day of the accident, except what he might infer from the custom between them." If no further evidence had been introduced the plaintiff still had failed to show that the defendant was accountable for Munroe's negligence. But, having been asked, "Bearing in mind his custom, is there any doubt in your mind that he was using it on your account that night?" the defendant replied, "No doubt whatever in my mind but what that was what he was using it for." "On your account?" "Yes, I suppose so." If the jury believed these statements, as they were at liberty to do, there was evidence from which in connection with their business relations to each other, and to the company in the transaction of whose business the motor car was used as narrated by the defendant, they could find that Munroe acted, not for his own personal enjoyment or in any affair of his own, but in behalf of the owner, whatever the owner's purpose then may have been. The case upon these findings would have stood precisely the same as if the defendant himself had been negligently operating the car when the accident occurred, and the verdict in his favor was ordered improperly. *Ouimette* v. *Harris,* 219 Mass. 466, 470, and cases cited. *Niland* v. *Boston Elevated Railway,* 208 Mass. 476, 478, and cases cited. A majority of the court are of opinion that the order must be

*Exceptions sustained.*