GUY SANTORO vs. SAMUEL L. BICKFORD.

Suffolk.   January 9, 1918. — February 26, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency*, Existence of relation.   *Motor Vehicle.*

Where the general manager of a corporation conducting ten lunch rooms, whose duty it was to supervise the lunch rooms, lent a motor car owned by him to the assistant manager of the same corporation, whose duty it was to visit each of the ten lunch rooms daily and get from them the cash receipts of the day, and where, as the assistant manager was driving the car on one of these trips, he negligently injured a traveller on the highway, in an action brought by the injured traveller against the manager of the lunch rooms as the owner of the car, it was *held* that there was no evidence that the assistant manager was acting as the agent of the defendant in driving the car, both he and the defendant being servants and agents of the corporation in whose employ they acted in different capacities.

In the case above described the defendant testified that at the time of the accident the assistant manager was acting under his general direction and it appeared that the assistant manager reported the accident to the defendant, and it was *held* that this evidence did not tend to show that the assistant manager was acting as the agent of the defendant in driving the car for the purpose of collecting the daily cash receipts of the corporation that employed him.  Distinguishing *Higgins* v. *Bickford*, 227 Mass. 52.

TORT for personal injuries sustained by the plaintiff on January 10, 1913, when the plaintiff lawfully was travelling on foot on Harrison Avenue in Boston near its intersection with Kneeland Street, from being knocked down and run over by a motor car belonging to the defendant driven by one Munroe, who was alleged to have been the servant or agent of the defendant.  Writ dated January 22, 1913.

In the Superior Court the case was tried before *Chase*, J.  There was evidence on which the jury could find that the plaintiff at the time of the accident was in the exercise of due care and that his injury was caused by the negligence of Munroe in operating the motor car.  The defendant was called by the plaintiff as a witness.  He testified that he was the general manager and vice president of a corporation called the Kelsey Company conducting in Boston ten lunch rooms known as the "Waldorf Lunch," and

that Munroe also was employed by the same corporation and was called the assistant manager. His testimony in regard to the respective duties of himself and Munroe is described in the opinion, where other evidence also is described.

At the close of the evidence the judge by agreement of the parties ordered a verdict for the defendant and reported the case for determination by this court, with the stipulation that, if the case should have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $2,500 with interest from the date of the verdict; otherwise, judgment was to be entered for the defendant on the verdict.

*D. B. Jefferson,* for the plaintiff.

*C. S. Knowles,* for the defendant.

CROSBY, J. The plaintiff, while a traveller on foot upon a public way, was struck and injured by a motor car owned by the defendant and operated by one Munroe. There was evidence from which the jury could have found that the plaintiff was in the exercise of due care and that his injuries were due to the negligence of Munroe. The only question presented is whether the jury would have been warranted in finding that Munroe was acting as the servant or agent of the defendant at the time of the accident.

The defendant was in the employ of the Kelsey Company as general manager and was its vice president. A part of his duties as general manager was the supervision of ten lunch rooms in Boston; in connection with that work he used the motor car which was operated by Munroe at the time of the accident. Munroe also was in the employ of the Kelsey Company as assistant manager, and there was evidence that it was his duty to go to the various lunch rooms every day or every night, get from them the cash receipts of the day and deliver them to the company at its main office. The defendant testified that he occasionally went round with Munroe when the receipts were collected "but that [it] was Munroe's business generally;" and that, "when Munroe made these trips round to the ten lunch rooms, he drove my automobile frequently and he was driving my automobile on one of these trips when this accident happened."

From the foregoing and the entire evidence, it is manifest that both the defendant and Munroe were servants and agents of the

company acting in different capacities; and, while at the time of the accident Munroe was using the defendant's car with the consent of the latter, there is no evidence whatever that at that time Munroe was acting as the servant or agent of the defendant; he was using the car while in the employ of the company in the performance of his duties as assistant manager. The testimony of the defendant, that at the time of the accident Munroe was acting under his (the defendant's) general directions, does not warrant a finding that he was in the employ of or acting for the defendant; nor was the fact that he reported the accident to the defendant evidence that he was the defendant's agent.

This court held in the case of *Higgins* v. *Bickford,* 227 Mass. 52, that similar evidence was not sufficient to charge the defendant with Munroe's negligence. In that case there was further evidence introduced upon the question of the defendant's responsibility for the acts of Munroe. The defendant in that case was asked: "'Bearing in mind his custom, is there any doubt in your mind that he was using it on your account that night?' the defendant replied, 'No doubt whatever in my mind but what that was what he was using it for.' 'On your account?' 'Yes, I suppose so.'" Upon the evidence quoted, together with the other evidence in the case, this court said that Munroe could be held to have been acting for the defendant. The evidence quoted and upon which it was decided that Munroe could be found to have acted as the defendant's agent in *Higgins* v. *Bickford, supra,* was lacking in the case at bar, and distinguishes it from that case and is decisive against the plaintiff's contention.

In accordance with the terms of the report the entry must be
*Judgment for the defendant.*