Toadvine v. Sinnett.

---

No. 21,860.

O. L. TOADVINE, *Appellee,* v. A. F. SINNETT, *Appellant.*

SYLLABUS BY THE COURT.

AUTOMOBILE ACCIDENT—*Driver Using Car on Private Business Without Permission—Owner Not Liable.* Under the facts stated in the opinion, the defendant is held not liable for the injury caused by his automobile when used by his agent's wife in violation of his express orders.

Appeal from Rush district court; ALBERT S. FOULKS, judge. Opinion filed January 11, 1919. Reversed.

*H. L. Anderson,* and *S. I. Hale,* both of La Crosse, for the appellant.

*W. H. Russell, Frank U. Russell,* and *J. E. Andrews,* all of La Crosse, for the appellee.

Toadvine v. Sinnett.

The opinion of the court was delivered by

WEST, J.: This action was brought to recover damages caused by the defendant's car running into a horse belonging to the plaintiff. The car was driven by the wife of the defendant's tenant on his ranch. From a judgment for the plaintiff this appeal is taken.

The defendant was in California, and in charge of his ranch was Mr. C. O. Young, who testified, in substance, that he was general manager. Upon advising his landlord of the condition of the feed, the latter instructed him to sell the cattle on the place, and deposit the proceeds in a bank at La Crosse. Finding a buyer with whom he was not acquainted, Mr. Young thought it best to deposit the check promptly, and it being necessary for him to help the buyer drive the cattle some distance, he sent the check to La Crosse by his wife. The Youngs owned a car which was in a garage at Rush Center, and they intended to go with it on a trip to Missouri the next morning, so Mrs. Young took the defendant's car, in which rode her father and mother and also a man who went along to bring back the Young car, and on the way from Rush Center to La Crosse she ran into the plaintiff's horse, causing the injury sued for. She testified that she volunteered to take the check to La Crosse, because she wanted to be in shape to start the next morning for Missouri, and wanted to get the automobile to start in. Mrs. Young worked on the ranch, doing general housework and cooking, having no specific contract with the defendant as to what she should receive, but she did receive her board and that of her children for her services, and she had a contract with the defendant to care for the poultry and receive therefor one-half of all the poultry raised.

"Q. 40. And if it had not been that you and your husband intended to start for Missouri next morning you would not have made that trip that day at all? A. No, sir.

"Q. 43. Did you go for anything else on that trip other than to deposit the check? A. I went for the purpose to bring our own car out from Rush Center.

"Q. 34. Did you have any other purpose in making the trip to La Crosse, other than depositing the check your husband had received from the sale of the cattle? A. No, sir."

The court found that

"The Youngs had been forbidden by the defendant to use his car, and Mrs. Young took the same that day without the knowledge of the defendant, knowing that he did not want her to use it. Neither Mr. nor Mrs. Young had ever used defendant's car since getting one of their own, until that day."

Mrs. Young testified, although he was her cousin, "he would haul other people around" but never her. Notwithstanding the finding above quoted, the court concluded as a matter of law that the plaintiff was entitled to recover.

It is contended that the defendant, having expressly forbidden the use of his car by the Youngs, cannot be held liable for the unauthorized use of it on the occasion in question, although one purpose of the errand was to deposit the check.

The plaintiff insists that Mrs. Young was in fact on an errand as agent for the defendant, and therefore her use of his car was on his behalf, regardless of his prohibition upon her use thereof. Reliance is placed upon the case of *A. T. & S. F. Rld. Co. v. Randall,* 40 Kan. 421, 19 Pac. 783, holding the railroad liable for injury to a horse which was being used without the owner's consent by a boy employed by the railroad to round up some cattle which had escaped from its train, and also upon the case of *Martin v. Railway Co.,* 93 Kan. 681, 145 Pac. 849, holding the defendant liable for injuries to a brakeman who had been directed by the conductor to go forward and act as fireman while the latter took charge of the locomotive. In the Randall case, the railroad company's agents employed the young man to help round up and drive back the cattle. In carrying out his employment he took his father's horse, without the latter's knowledge or consent, but of course he was still acting as agent for the railway company, and was using very natural, and apparently proper, means to fulfill his agency. He had not been refused the use of the horse, and did not take it over his father's prohibition. In the Martin case, the conductor, who had charge of the train and was responsible for its management, directed the brakeman to act, temporarily, as fireman, owing to circumstances which the conductor deemed sufficient to justify such direction, and it was held that the brakeman in obeying this order was acting

8—104 Kan.

in the line of his duty, so as to bind the defendant for an injury caused by a defective brake on one of the drivewheels of the locomotive.

Generally, a man having dominion over his own property and affairs has the say as to what persons, and to what extent, he will delegate his power. Not being a public-service corporation, but a private citizen, the defendant rightly employed Mr. Young as agent and manager of his ranch, with the accompanying arrangement that the wife was to be the cook and share in the increase of the poultry for her care of the fowls on the place, but, either from his distrust of Mrs. Young's skill as a driver, or for some other reason, one piece of his property, an automobile, he expressly withheld from the sphere of the Youngs' operation. This car he had positively withdrawn from all use by them, a fact which they both understood, and a thing which he had a right to do. When he directed Mr. Young to deposit the proceeds of the cattle in the La Crosse bank, he by no implication authorized him or his wife to use this forbidden vehicle in carrying out that direction.

But aside from this, the evidence is unmistakable that in going to La Crosse Mrs. Young was acting chiefly for herself and her husband, carrying out their mutual desire to get their car so as to go to Missouri the next morning. The mere incident of her taking the check was insufficient to constitute her Mr. Sinnett's agent so as to make him liable for her management of his car. (Note, 21 L. R. A., n. s., 93, 33 L. R. A., n. s., 79.)

In *Fleischner v. Durgin*, 207 Mass. 435, it was said:

"The master is liable for the act of a servant in charge of his vehicle when the latter is acting in the main with the master's express or implied authority, upon his business, and in the course of his employment, for the purpose of doing the work for which he is engaged. The master is not liable if the servant has abandoned his obligations, and is doing something not in compliance with the express or implied authority given, and is not acting in pursuance of the general purpose of his occupation, or in connection with the doing of the master's work." (p. 436.)

"The owner of an automobile is not liable to one who is injured by the negligence of his chauffeur while operating the machine without his knowledge or permission, and for a purpose other than that for which he was employed, as where the driver is on an errand personal to himself, or is making a detour for his own purposes; and if a chauffeur takes out

Toadvine v. Sinnett.

his master's automobile in violation of instructions that it must not be taken out without the express orders of himself or his wife, the owner may be relieved from liability in the event of the occurrence of an accident." (2 R. C. L. § 33, p. 1199.)

The judgment is reversed, and the cause is remanded with directions to enter judgment for the defendant.

BURCH, J. (concurring specially): I concur in the judgment, because the plaintiff's evidence disclosed, without dispute or conflict of inference, that the deposit of the check was merely incidental to a journey undertaken for the personal benefit of the Youngs.

Mrs. Young was guilty of negligence, causing injury to the plaintiff, and the test of the defendant's liability is whether or not she was, at the time, the defendant's agent, and acting in the conduct of his business. In either event, it is wholly immaterial what kind of a vehicle she used, automobile or farm wagon, or who owned the one she did use, or by what right or authority she used it.

PORTER, J., joins in the special concurrence.

MASON, J. (dissenting): As I understand the facts, Mrs. Young left the ranch in the automobile on two errands—one (of her own) to take a man to Rush Center (which was on the way to La Crosse) to get the Young car, and the other (of the defendant's) to get the check to La Crosse for deposit. After she had reached Rush Center she had accomplished every purpose of her own on the trip. When she then started from Rush Center to La Crosse to deposit the check, it seems to me that she was engaged solely upon the business of the defendant, and that the principles stated in the opinion do not exempt him from the consequences of her negligent driving.