CHRISTINE L. HASKELL *vs.* DOMENIC ALBIANI.

Middlesex. March 28, 1923. — May 24, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Parent and Child. Agency,* Existence of relation. *Motor Vehicle,* " Family car." *Negligence,* Motor vehicle.

A father is not liable for his son's torts merely because of the relation of parent and child.

The owner of an automobile, kept by him for the use and pleasure of himself and family, is not liable for personal injuries to a traveller on the highway caused by negligent operation of the automobile by the owner's son, twenty-three years of age, while he was driving the car home after he had accompanied his older brother to his uncle's home, three miles from his home, whither the brother, with the permission but not at the request or direction of their father, had driven the car for the purpose of making a social call upon their cousins, whom the father at times also went to see and " kept in touch with . . . all the time," such circumstances not tending to show that the son represented the father in driving the automobile from the uncle's house to his father's home.

TORT for personal injuries resulting from being run into by an automobile owned by the defendant and alleged, in a

first count of the declaration, to have been driven negligently by the defendant's son Henry F. Albiani, " his agent and servant," and, in a second count, to have been driven by the son " with the knowledge and consent of the defendant " while " negligently suffered by the defendant to be in a defective and dangerous condition in that the emergency brake upon said automobile was out of repair and did not perform in any way its function of checking the movement of the said automobile." Writ dated December 2, 1921.

In the Superior Court, the action was tried before *Lummus,* J. Material evidence is described in the opinion. The jury, having answered special questions as described in the opinion, found for the plaintiff in the sum of $18,500, the trial judge reserving leave to enter a verdict for the defendant, if, upon the questions of law raised, he should so decide. Accordingly he ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. L. Hall,* (*C. C. Gammons* with him,) for the plaintiff.

*S. H. Batchelder,* (*A. B. Carey* with him,) for the defendant.

CARROLL, J. The plaintiff, while walking on a public highway, was struck and injured by an automobile owned by the defendant and operated by his son, Henry F. Albiani. The action was tried with another case by the same plaintiff against Henry F. Albiani. There was evidence of the plaintiff's due care and of the negligence of the operator.

The principal question raised by these exceptions is whether there was any evidence that at the time of the collision Henry F. Albiani was operating the automobile as the defendant's servant or agent. Three questions were submitted to the jury. The first question, — Was Henry F. Albiani at the time of the collision operating the automobile " as the servant of the defendant Domenic Albiani within the scope of an employment to carry the day's receipts to the house of an uncle of said Henry and return home? " they answered in the negative. The second question, — Was Henry F. Albiani at the moment of the collision operating the automobile as the servant of his father, " within the scope of an employment other than or in addition to that set forth in the preceding question? "

they answered in the affirmative; and answered in the negative to the question " Was a defective condition of the emergency brake constituting a violation of Section 7 of Chapter 90 of the General Laws . . . of the defendant Domenic Albiani's automobile negligently permitted by him to be operated at the time it came into collision with the plaintiff a proximate cause of the injuries received by the plaintiff in such collision." Whereupon, upon motion of the defendant, a verdict was entered for the defendant, and to the granting of such motion, and to the entry of said verdict the plaintiff duly excepted.

The automobile was kept by the defendant for the use and pleasure of himself and family, at his home in Hull. His family consisted of his wife and three sons, including Henry (23 years old) and Alfred (24 years old), who both were licensed to drive. The sons paid nothing for board or room. The machine was kept in a garage adjoining the defendant's house, and the keys to the car, controlling the switches, were hung in the kitchen of the house. Both sons were authorized to use the car to do errands connected with the household.

Alfred A. Albiani testified that on the night in question, with his father's permission and knowledge, he drove the automobile to his uncle's house about three miles distant, and that his brother Henry " was going with him. They were going to make a social call; " that on arriving he went into the house. The father stated, in answer to an interrogatory, that he was informed that at the time of the accident Henry was returning from a place where he had taken his brother. Henry testified at the trial that his brother drove the automobile to his uncle's house. He also testified that after leaving his brother, he met two young women whom he drove to Scituate, and was returning from this place when the accident happened; and in his answer to interrogatories he said he took his brother to his uncle's house. The jury could refuse to believe the testimony of Henry that he had driven the car to Scituate. There was nothing to contradict the testimony of Alfred Albiani that his father " gave him permission to take the car " for the purpose of making a social call. The jury could have found that Henry

was returning from his uncle's house and was driving the car when the collision occurred.

The defendant was not responsible for the negligent acts of the driver of the car, unless he was at the time the servant or agent of the defendant, acting within the scope of his agency. A father is not liable for his son's torts merely because of the relation of parent and child. If he is responsible, it is because the son is his agent or servant engaged in the performance of the father's business, or because the act is subsequently ratified or adopted by him. See *Smith* v. *Jordan*, 211 Mass. 269, 270, 271. The case at bar is governed by *McGowan* v. *Longwood*, 242 Mass. 337. In that case the defendant owned a " family car." His son, who lived at home, was using the car for his own benefit when the plaintiff was injured. It was held that the defendant was not liable. In discussing the question of the " family use doctrine," it was said in *Van Blaricom* v. *Dodgson*, 220 N. Y. 111: " the question which it presents really resolves itself into the one whether, as a matter of common sense and practical experience, we ought to say that a parent who maintains some article for family use and occasionally permits a capable son to use it for his individual convenience ought to be regarded as having undertaken the occupation of entertaining the latter and to have made him his agent in this business, although the act being done is solely for the benefit of the son." To hold the defendant for the negligence of the son, would make the defendant liable for a mere permissive use of the automobile by one who was not his agent or servant at the time, and was not engaged in his business.

The testimony tended to show that Alfred drove the car to the home of his uncle. Even if Henry had driven his brother to the uncle's house and was returning when the plaintiff was injured, he was not at the time engaged in any business of the father. The fact that the defendant's brother and his wife were in Italy and the defendant went to see their children and " kept in touch with them all the time," is not enough to show that in going to the uncle's house or in returning therefrom the son was an agent or servant of the

defendant. In making the social call on his cousins, Alfred was engaged in his own affairs; and Henry F. Albiani was not the servant or agent of the defendant. If all of the testimony of Henry were disregarded, there is nothing to show that he was acting as such agent or servant. See *Weiner* v. *Mairs,* 234 Mass. 156; *Phillips* v. *Gookin,* 231 Mass. 250.

*Bourne* v. *Whitman,* 209 Mass. 155, is to be distinguished. In that case there was evidence that the son was the regularly employed chauffeur of his father, that the persons whom the son brought to the dance and carried home were in the presence of his father and his family at the dance, that his father saw him start to take them home and told him he had better light the headlights. In *Campbell* v. *Arnold,* 219 Mass. 160, there was evidence that the defendant impliedly authorized Thompson as his representative to take the defendant's guests for an automobile ride. In the case at bar there is no evidence that the son represented the father in driving the automobile from the uncle's house to his father's home.

*Exceptions overruled.*