## MARY J. MURPHY *vs.* JOHN HURLEY.

Suffolk. January 19, 1925. — January 20, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Agency,* Existence of relation, Scope of authority. *Parent and Child. Dog. Negligence,* Of one in control of real estate.

At the trial of an action of tort for personal injuries received when the plaintiff, a tenant in an apartment house owned by the defendant, fell down a flight of cellar stairs, used in common by the tenants, because he tripped on a pan of water alleged in the declaration to have been negligently placed there by "the defendant by and through his son, agent or servant," the evidence tended merely to show that the defendant's son owned a dog given him by his uncle, which, by direction of his mother, he cared for in the cellar, using scraps from the family table for his food and whatever receptacle happened to be handy; that on the day in question, without direction from any one and on his own initiative, he took water in the pan and placed it on the stair behind the door for the dog. *Held,* that

(1) The evidence failed to warrant a finding that the plaintiff was injured through negligence of the son acting within the scope of any authority conferred upon him as agent by his father, the defendant, which was the sole ground of liability alleged in the declaration;

(2) Evidence offered as to the son being directed by the defendant to do chores for his mother, and as to punishment for failure to obey, was excluded rightly as having no probative value on the issues raised by the pleadings.

TORT for personal injuries suffered by the plaintiff, a tenant in an apartment house owned by the defendant, when she fell down "a flight of stairs leading from the first floor to the cellar of said building for the use in common of all tenants in said building," by reason of an obstruction alleged negligently to have been placed on the stairs "in the nature of a pot or pan filled with water on said stairway" by "the defendant by and through his son, agent or servant." Writ dated May 12, 1920.

In the Superior Court, the action was tried before *Qua,* J. Material evidence is described in the opinion. At the close of the evidence, the jury, by order of the judge, found for the defendant. The plaintiff alleged exceptions.

*J. J. Murphy*, for the plaintiff.

*W. D. Gray*, for the defendant.

BY THE COURT. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff. There appears to be no controversy that the plaintiff tripped on a pan of water on the cellar stairs, used as a common passageway, of a three-family house owned and occupied in part by the defendant, in which the plaintiff was a tenant. There was evidence tending to show that a dog was owned, kept and cared for at the time, in the cellar of the house by a minor son of the defendant. The son testified that on the day in question without direction from any one but on his own initiative he took water in the pan and placed it on the stair behind the door for the dog which he owned. The defendant testified that he was not interested in the dog, had nothing to do with it, gave no directions as to its care or feeding, and that the dog was given to the son by an uncle. The wife of the defendant testified that she did the housekeeping for the defendant, bought supplies for the home, and directed the son temporarily to keep and care for his dog in the cellar, where the son gave it food and drink, using scraps from the table and whatever receptacle happened to be handy. All the evidence fails to warrant a finding that the plaintiff was injured through the negligence of the son acting within the scope of any authority conferred upon him as agent by his father, the defendant. That is the sole ground of liability alleged in the declaration. *Smith* v. *Jordan*, 211 Mass 269. *McGowan* v. *Longwood*, 242 Mass. 337. *Haskell* v. *Albiani*, 245 Mass. 233. *Commonwealth* v. *Slavski*, 245 Mass. 405, 418.

Evidence offered as to the son being directed by the defendant to do chores for his mother, and as to punishment for failure to obey, was excluded rightly as having no probative value on the issues. There was no error of law in rulings upon evidence.

*Exceptions overruled.*