JOHN SPELDE, RESPONDENT, v. VINCENT GALTIERI, APPELLANT.

Submitted May 29, 1925—Decided October 21, 1925.

1. The liability of the owner of an automobile (which is being driven by another upon a public highway) for the negligence of the driver is dependent upon the existence of the relationship of master and servant between the owner and the driver. In the absence of such relationship there is no ground for the application of the doctrine of *respondeat superior*, under which doctrine alone such liability arises.

2. Where testimony of the owner of an automobile to the effect that its negligent driver on a public highway was not such owner's servant, acting within the scope of the employment, is expressly contradicted or impeached by other evidence, or is of such a contradictory or incredible nature as to offer its own contradiction—*Held*, that the question of such relationship was properly submitted to the jury.

On appeal from the Supreme Court.

For the appellant, *Alexander M. MacLeod.*

For the respondent, *J. Vincent Barnett.*

The opinion of the court was delivered by

WHITE, J. This appeal is from a judgment on a verdict in favor of the plaintiff-respondent, who, while driving a truck on a public highway, was negligently run into and injured by an automobile owned by the defendant-appellant, who, while admitting his ownership, testified at the trial that he had loaned the automobile for a few minutes to a man whose first name was "Lucien," and that the latter was using it for his, the latter's own, and not for defendant's purposes, at the time of the injury.

The liability of the owner for the negligence of the driver is absolutely dependent upon the existence of the relationship of master and servant between them. In the absence of that relationship the doctrine of *respondeat superior,* upon which

alone the owner's liability rests, is not applicable. 26 *Cyc.* 1519. "Control" is the essence of this relationship, and is the underlying principle upon which rests the liability of the owner for the driver's negligence. *Cuff* v. *Newark and New York Railroad Co.,* 35 *N. J. L.* 17, and cases there cited in the opinion by Mr. Justice Depue. The relationship exists "whenever the employer retains the right to direct the manner in which the business shall be done, as well as the result to be accomplished, or, in other words, not only what shall be done, but how it shall be done." 26 *Cyc.* 966; *Haines* v. *Atlantic City Railroad Co.,* 65 *N. J. L.* 27; *Doran* v. *Thomsen,* 76 *Id.* 754; *Courtinard* v. *Gray Burial Co.,* 98 *Id.* 493.

While it is true, as above stated, that the defendant testified that this relationship of master and servant did not exist between him and the driver of the car at the time of the accident, and that such driver had borrowed the car to use during ten or fifteen minutes for his own purposes, the defendant's statements, upon cross-examination, not only contradicted this story in a number of quite important particulars, but established other facts which rendered his version of the transaction most improbable.

Among other things, he testified he did not know Lucien except in a very casual way, by seeing him loitering around on the corner near defendant's store; that he did not know his last name, did not know, except in a very general way, where he lived; did not see him but once after the collision for several months, and when he did see him on that one occasion, the day after the collision, did not ask him anything about the accident nor about the car which Lucien was supposed to have borrowed, in fact, did not say anything to him at all; that defendant did not go to see the car after the collision, but sent his brother to look it over and then did not go near it, nor have it removed from where the collision occurred, and, in fact, had never seen it up to the time of the trial. Lucien was not produced as a witness, and while the defendant's statements are somewhat contradictory, a reading of them rather plainly indicates that the defendant had not the least desire to have Lucien at the trial, and did

not make any real effort to have him there. Instead, therefore, of the collision being the fault of a third party for whom the defendant would not be in any way responsible, and about which he would naturally immediately seek the most minute information without any fear of consequences, the foregoing circumstances rather tend to indicate that the collision, in fact, took place through the fault of Lucien, the driver, under conditions (viz., while he was going on an errand for defendant under the latter's instructions—that is, in a legal sense, acting as his servant), which, if found out, would make defendant liable, and that the defendant, knowing this fact and realizing the seriousness of the situation, did what he did to make it appear that he had no connection whatsoever with the whole transaction. His abandonment of his car and failure to demand of Lucien its return and payment for the damage done to it, and failure to produce Lucien at the trial, are all eloquent circumstances tending to discredit his statement that Lucien was not acting as his servant at the time of the injury.

We think, therefore, that the learned trial judge properly submitted to the jury the question of whether or not this relationship of master and servant did, in fact, exist between the defendant and the driver of the car at the time of the accident.

For the foregoing reasons the judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, JJ. 14.

*For reversal*—None.