[File No. 6300.]

EVELYN POSEY, by Clara Posey, Her Guardian ad Litem, Respondent, v. BLANCHE A. KROGH, Appellant,

and

HARRIET MILNE, by R. B. Milne, Her Guardian ad Litem, Respondent, v. BLANCHE A. KROGH, Appellant.

(259 N. W. 757.)

Opinion filed December 20, 1934. On rehearing April 9, 1935.

*Sullivan, Fleck & Sullivan,* for appellants.
*J. A. Coffey,* for respondents.

BURR, Ch. J. These actions are an outgrowth of the same automobile accident, and by stipulation of the parties were tried together under an agreement to have separate verdicts and separate judgments entered.

Separate verdicts were rendered in favor of the plaintiffs and separate judgments entered. The defendant made a motion for a directed ver-

dict at the close of the plaintiffs' case, renewed it at the close of the entire case and made a motion to dismiss—such motions being denied by the court and the defendant has appealed.

One issue is determinative of both cases. As respondent says:

"These two cases arise out of the same automobile accident. They are 'Guest cases.' The defendant is charged with gross negligence in the driving of an automobile upon Highway No. 10. It is claimed that the defendant was the owner of the car, but not the driver at the time of the accident; that the driver was Lyle Krogh, a brother of the defendant."

The plaintiffs were minors and had left their homes to attend a summer conference in Jamestown. After being settled in the city, and while on the streets, they met Lyle Krogh, a brother of the defendant, who was driving his sister's car. With him were two young men. The girls were invited to ride and it is the claim of the plaintiffs that during this trip Lyle Krogh was guilty of such gross negligence that there was a collision with a truck and both girls were severely injured. It is not claimed by respondents that the defendant was present in the car or knew anything about this invitation.

The defendant is a school teacher, and over the age of twenty-one at the time of the accident. When not teaching school she lived in the home of her father, a merchant in Pingree. She was the owner of the car, according to the respondent's contention, and the evidence shows that the car was used by various members of the father's family for their own convenience and for the convenience of the father. The defendant was not acquainted with either of the plaintiffs though she had seen one of them prior to the accident. On the day of the accident the father found it necessary to obtain some supplies for his store and ordered his son Lyle, a minor, to go to Jamestown for the purpose of getting the supplies. The son told the defendant of the premeditated trip, and either that he was going to use her car for that purpose or made request for the use of the car. In any event, the defendant knew that he was going to Jamestown and permitted the use of the car. She knew nothing about this contemplated pleasure trip and there is nothing in the evidence to indicate that the brother knew anything about it until he happened to see the plaintiffs on the street in Jamestown. The brother was not on any business for the defendant. If the brother were

the servant of any one or under the control of any one he was the servant of his father and under his father's control at that time.

Respondents ask for an extension of the "family car doctrine." It is their claim that this car was furnished by the defendant for the use of the family as well as of herself, and therefore this doctrine applies.

But the liability of an owner of a car because of the negligence of another is based on his supposed control over the driver at the time of the accident. Davis v. Newsome Auto Tire & Vulcanizing Co. 141 Tenn. 527, 213 S. W. 914; Spelde v. Galtieri, 102 N. J. L. 203, 130 A. 526; Melchionda v. American Locomotive Co. 229 Mass. 202, 118 N. E. 265; Halverson v. Blosser, 101 Kan. 683, 168 P. 863, L.R.A.1918B, 498. Ordinarily, when the owner merely permits another to use the car for the latter's individual purpose, the owner is not liable. Armstrong v. Sellers, 182 Ala. 582, 62 So. 28; Santoro v. Bickford, 229 Mass. 357, 118 N. E. 665. Something more than mere ownership is necessary to establish agency between the lender and the borrower; Phillips v. Gookin, 231 Mass. 250, 120 N. E. 691. Mere borrowing does not establish this relationship; (Brown v. Chevrolet Motor Co. 39 Cal. App. 738, 179 P. 697) it is only when the driver was in charge of the car on the owner's business and under his control that the owner would be liable. Irwin v. Judge, 81 Conn. 492, 71 A. 572. Hence, when the head of the family furnishes a car for the use of the family and permits the driver to use the car for the purpose of the family then it can be said that the driver in charge of the car was engaged in the owner's business, and while using it for family purposes was under the control of the owner, therefore the owner would be liable.

Respondents insist that the "family car doctrine" is applicable and then cite a large number of cases to show the extent of the doctrine, such as: Vannett v. Cole, 41 N. D. 260, 170 N. W. 663; Ulman v. Lindeman, 44 N. D. 36, 176 N. W. 25, 10 A.L.R. 1440; Miller v. Kraft, 57 N. D. 559, 223 N. W. 190; Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L.R.A.(N.S.) 970; Daily v. Maxwell, 152 Mo. App. 415, 133 S. W. 351; Stowe v. Morris, 147 Ky. 386, 144 S. W. 52, 39 L.R.A.(N.S.) 224; Birch v. Abercrombie, 74 Wash. 486, 133 P. 1020, 50 L.R.A.(N.S.) 59; King v. Smythe, 140 Tenn. 217, 204 S. W. 296, L.R.A.1918F, 293; Harmon v. Haas, 61 N. D. 772, 241 N.

W. 70, 80 A.L.R. 1131, 33 N. C. C. A. 52; Smart v. Bissonnette, 106 Conn. 447, 138 A. 365, 27 N. C. C. A. 525.

In these cases cited the car belonged to the father, the head of the family, and he furnished the car for the use of the family. In such case the general principle is well exemplified. The father, as the head of the family owns the car. He purchases it for the use of the family and authorizes the members of his family to use the car for the purpose. It is a general authorization and while they are so using it they are using the car for the purpose for which he purchased it and intrusted it to their care.

Respondents claim that by extension such doctrine is applicable to the case of a daughter, who, though having attained her majority, still lives with her father, and if she purchases a car which she allows her father to use or the members of his family to use and while purchasing it for her own use primarily she gets it also for "the benefit of this family," such car can be said to be a family car and subject to the doctrine stated. On cross-examination the defendant answered "yes" to the question: "And you were using this money (her salary as a teacher) for the purpose of purchasing this car for the benefit of this family and yourself?" She testified that the members of the family could use it whenever they had any occasion and when she was not using it and it was perfectly agreeable to her that the members of this family "could drive it for the purpose of taking their friends."

In support of this extension of the family car doctrine respondents cite Crouse v. Lubin, 260 Pa. 329, 103 A. 725; De Smet v. Niles, 175 App. Div. 822, 161 N. Y. S. 566; Quinn v. Neal, 19 Ga. App. 484, 91 S. E. 786.

The Pennsylvania case was an action where the car was owned by a married daughter and her mother was a member of her family, living with her in the married daughter's home. It was not a case of a child living with the parent in the parent's home but the case of a parent living with the child in the child's home. Hence the family car doctrine was held applicable.

In the Georgia case the daughter was living with her father in his home and as a member of the family. The father owned the car which was driven by the daughter at the time of the accident. Apparently both father and daughter were made defendants. Owing to the fact

that the father owned the car and the daughter was a member of his family his responsibility was fixed on the theory of the family car doctrine.

The New York case does not sustain the plaintiffs' contention. "A young man of about 21 or 22 years of age living with his father and mother, owned this car." A brother, forbidden by the owner to take his car out alone had permission to take the mother out in the car any time the mother wanted it. The mother asked the brother to get the car and drive her to the home of a friend, and this without consulting the owner of the car and "gave no special permission for the use of the car." On this point the court says:

"It is very evident that the car was not being used in the business of the defendant, but solely for the purpose and pleasure of the mother and the mere authority given (the brother) to take the car out when his mother wished him to did not render the defendant liable."

Even if we adopt the theory of Birch v. Abercrombie, 74 Wash. 486, 133 P. 1020, 50 L.R.A.(N.S.) 59, that "ownership of an automobile establishes prima facie that it was in the possession of the owner at the time of the accident, and that the driver was acting for the owner at the time of the accident, and the burden is on the owner to overcome this presumption by competent evidence" the burden has been met fully —in fact there can be no question on this score. The driver was acting for his father or for himself—not for the owner of the car.

But the car involved here was not a car belonging to the father, the head of the family. It is true the defendant, though no longer a minor, was living in the home of her father. She was a member of her father's family, as was her brother. The brother was not a member of her family. She was not herself the head of a family. It is quite clear plaintiffs cannot recover on the theory of the "family car doctrine."

Plaintiffs claim that in any event the defendant is liable on the "guest theory"—in fact, the opening sentences of their brief say these are "Guest cases."

In support of their contention they cite and rely upon the case of Sheehy v. Abboud, 126 Neb. 554, 253 N. W. 683. The facts in the case cited are quite similar to the facts of the case at bar. In the Nebraska case "it appears that the plaintiff was a guest riding in the automobile owned by the defendant, but it, at the time, was operated

by her brother. The driver of the car was a youth 16 years of age. The evidence discloses almost without dispute that the plaintiff was a guest riding with the defendant's brother at the time of the accident. . . ."

Plaintiffs say the damages were caused by the gross negligence of the operator of the car, who was operating it with the consent of the owner; that the doctrine of the Nebraska case applies and therefore these judgments must be sustained. The Nebraska statute, as stated in the opinion cited, is § 39–1129, Comp. Stat. Supp. 1931, and provides:

"The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by the driver of said motor vehicle being under the influence of intoxicating liquor or because of the gross negligence of the owner or operator in the operation of such motor vehicle. For the purpose of this section, the term "guest" is hereby defined as being a person who accepts a ride in any motor vehicle without giving compensation therefor, but shall not be construed to apply to or include any such passenger in a motor vehicle being demonstrated to such passenger as a prospective purchaser."

Our statute, chapter 184 of the Session Laws of 1931, says in § 1, among other things: "Any person who as a guest accepts a ride in any vehicle . . . and while so riding as such guest receives or sustains an injury, shall have no right of recovery against the owner or driver or person responsible for the operation of such vehicle."

Section 2 says, among other things: "Nothing in this Act contained shall be construed as relieving the owner or driver or person responsible for the operation of the vehicle from liability for injury to . . . such guest proximately resulting from the gross negligence of such owner, driver or person responsible for the operation of such vehicle."

In the Nebraska case cited there is no statement to the effect that the owner of the car knew her brother was driving her car, or that she permitted her brother to drive her car, and it is a fair inference from the decision as reported, that she was not in the car at the time of the accident. We must assume however that she did permit her brother to use the car otherwise the court would be in the position of holding

the sister liable for the negligence of the brother even if he took her car without her knowledge or consent. The Nebraska case says the rate of speed was "about the only dispute as to the material facts." In the case at bar the car was not being operated in the business of the owner, nor was it being operated for the purpose for which the owner permitted its use—assuming that in this case the evidence shows that the defendant allowed her brother to take her car to go to Jamestown for the purpose of getting supplies for her father. By no stretch of the imagination can it be stated that the evidence shows defendant permitted her brother to use the car for the purpose of taking the plaintiffs or any one else on a pleasure trip.

The owner of a car may be liable for injury to a guest, under the provisions of chapter 184 of the Session Laws of 1931, but it must be shown not only that the sister permitted the brother to use her car but also that this was gross negligence on her part.

The purpose of chapter 184 of the Session Laws of 1931 is to relieve the owner of a car from liability for damages to a guest. The purpose is to limit the liability of the owner, not to extend it, to safeguard his rights.

Reading chapter 184 it is clear that a guest has no cause of action against the owner of a car, nor the driver of the car, nor the person responsible for the operation of the car, merely because the guest is injured while riding in the car. Not only must the guest be riding in the car but while such guest the damages must be caused by the gross negligence of the one he sues. If he sues the owner he can recover only when he proves wilful misconduct or gross negligence of the owner as the proximate cause of the injury; and the burden of proof is on the guest. Laws of 1931, § 2, chap. 184. It is true the gross negligence of the driver may be imputed to the owner under certain conditions and thus become the gross negligence of the owner; but before the plaintiffs can recover against the owner in this case under the "guest" statute, they must prove that the owner was guilty of gross negligence in permitting her brother to operate the car.

There is no proof whatever of any gross negligence on the part of the defendant in allowing her brother to use her car for the purpose of going to Jamestown to get supplies for her father. It was a common practice and a reasonable thing. While there is proof of reckless driv-

ing on the part of the brother at the time of the accident, there is no proof that he was habitually a reckless driver, or that the defendant knew he was a reckless driver. There is nothing to impute gross negligence to the defendant. Hence there is no cause of action against the defendant in this case, and the actions are dismissed.

CHRISTIANSON, BURKE, and NUESSLE, JJ., concur.

MOELLRING, J. (Specially concurring.) I concur in the result. It is my view that under the facts in this case chapter 184, Session Laws of 1931, precludes recovery of damages. I do not concur in the reasoning or the conclusion that the defendant, Blanche A. Krogh, under the evidence in this case, is not governed by the rules of the so-called "family car doctrine," for if we assume that she is so governed then said chapter 184 is likewise applicable and recovery cannot be had.

In determining this case, therefore, it is not necessary to pass upon the question as to whether or not defendant's possession and ownership of the automobile bring her within the rules of the family car doctrine, and I therefore express no opinion thereon.

BURR, J. (On rehearing.) Respondents' petitions for rehearing were granted—respondents claiming that in case an affirmance of the judgments could not be had, new trial should be allowed rather than dismissals of the actions.

The complaints show the claims are predicated entirely upon the theory that the car was a family purpose car, furnished by defendant and being used for the purposes for which it was furnished. The "guest" theory was advanced by respondents on appeal—the respondents, in the opening sentence of their brief in this court saying "these two cases arise out of the same automobile accident and they are 'Guest' cases."

The car was owned by the defendant. She purchased it for her own use, and also permitted her father and the members of his family to use it. They could use it for their own business or pleasure and they could take their friends with them, if they saw fit. The plaintiffs were not the "guests" of the defendant. They were the "guests" of her brother, who was driving the car. She was not with them, nor did she know of this

part of the trip until after the accident. This is plain. As pointed out in the main opinion the brother had been delegated by his father to go to Jamestown to get supplies, and with the express or at least tacit consent of the defendant used her car. While in Jamestown he met the plaintiffs and having some time to spare took the girls on a pleasure trip. On this trip the accident occurred. The relationship of master and servant, or that of principal and agent did not exist between defendant and her brother. It is the general rule that liability for the negligent use of an automobile by one other than the owner cannot be predicated against the owner merely because of his ownership of the car, it not being a dangerous instrumentality in itself. Decker v. Hall, 72 Ind. App. 139, 125 N. E. 786; Mitchell v. Van Keulen & W. Lumber Co. 175 Mich. 75, 140 N. W. 973; Saums v. Parfet, 270 Mich. 165, 258 N. W. 235; Hays v. Hogan, 273 Mo. 1, 200 S. W. 286, L.R.A.1918C, 715, Ann. Cas. 1918E, 1127; Clawson v. Schroeder, 63 Mont. 488, 208 P. 924; Doran v. Thomsen, 74 N. J. L. 445, 66 A. 897; Linville v. Nissen, 162 N. C. 95, 77 S. E. 1096; Potts v. Pardee, 220 N. Y. 431, 116 N. E. 78, 8 A.L.R. 785, 17 N. C. C. A. 427; Ouelette v. Superior Motor & Mach. Works, 157 Wis. 531, 147 N. W. 1014, 52 L.R.A.(N.S.) 299, 6 N. C. C. A. 357. This is the rule even in cases where one member of the family loans his car to another, where the situation creating the family car doctrine does not apply. Haskell v. Albiani, 245 Mass. 233, 139 N. E. 516; Blair v. Broadwater, 121 Va. 301, 93 S. E. 632, L.R.A.1918A, 1011; Warren v. Norguard, 103 Wash. 284, 174 P. 7; Jones v. Cook, 90 W. Va. 710, 111 S. E. 828. One may say this rule is almost universal for in the Canadian Provinces we find the same rule applies. See Lane v. Crandall, 5 Alberta L. R. 42, 10 D. L. R. 763. Such is also the rule where an owner allows an employee to use his car for the employee's own pleasure or business. See Jones v. Strickland, 201 Ala. 138, 77 So. 562, 564; Gousse v. Lowe, 41 Cal. App. 715, 183 P. 295; Fielder v. Davison, 139 Ga. 509, 77 S. E. 618; Toadvine v. Sinnett, 104 Kan. 111, 178 P. 401; Gardner v. Farnum, 230 Mass. 193, 119 N. E. 666, L.R.A.1918E, 997; Hill v. Haynes, 204 Mich. 536, 170 N. W. 685; Provo v. Conrad, 130 Minn. 412, 153 N. W. 753; Steffen v. McNaughton, 142 Wis. 49, 124 N. W. 1016, 26 L.R.A.(N.S.) 382, 19 Ann. Cas. 1227. The rule is applicable also where the loan creates the situa-

tion of bailor and bailee. Gates v. Pendleton, 184 Cal. 797, 195 P. 664, 665; Menton v. L. Patterson Mercantile Co. 145 Minn. 310, 176 N. W. 991; Ludberg v. Barghoorn, 73 Wash. 476, 131 P. 1165.

The guest statute of this state limits the liability of appellant to her own gross negligence. In Oxenger v. Ward, 256 Mich. 499, 240 N. W. 55, 57, the term "gross negligence" as used in the guest statute is interpreted to mean "such a degre of recklessness as approaches wanton and wilful misconduct." See also Finkler v. Zimmer, 258 Mich. 336, 241 N. W. 851; Willett v. Smith, 260 Mich. 101, 244 N. W. 246.

As to the Nebraska statute, limiting the liability of owner in guest cases to cases of gross negligence, the court defined the term "gross negligence" to mean "negligence in a very high degree, or absence of even slight care in performance of duty." Morris v. Erskine, 124 Neb. 754, 248 N. W. 96. California defines the term as "that entire want of care which would raise a presumption of a conscious indifference to consequences." Taylor v. Cockrell, 116 Cal. App. 596, 3 P. (2d) 16.

The pleadings and the briefs are entirely silent as to any acts of the defendant which could possibly bring her within these rules set forth. The former decision will stand.

BURKE, Ch. J., and NUESSLE, MORRIS, and CHRISTIANSON, JJ., concur.