BLANCHE P. FIELD *vs.* MARY T. EVANS.

Norfolk.   January 13, 1928. — January 16, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency,* What constitutes.   *Parent and Child.   Motor Vehicle.*

In an action against the owner of an automobile for personal injuries received by one who was riding in the automobile at the invitation of the younger of two daughters of the defendant when the automobile was being driven by the older daughter, a finding that, in so driving, the older daughter was acting as the servant or agent of the owner is not warranted if the evidence shows merely that the younger daughter asked the defendant if the older daughter could take herself and the plaintiff in the automobile on a skating party; that the owner said "yes" or "certainly"; that the older daughter was the only one of the four who could drive the automobile; and that the plaintiff was injured during an attempt to put the automobile in the garage on the return from the skating party.

TORT for personal injuries.   Writ dated March 5, 1925.

In the Superior Court, the action was tried before *McLaughlin,* J.   Material evidence is stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant and reported the action to this court for determination, judgment to be entered for the plaintiff in the sum of $2,000 if the ordering of the verdict was erroneous; otherwise judgment to be entered on the verdict.

*M. J. Jordan,* (*J. D. Graham* with him,) for the plaintiff.

*E. J. Sullivan,* for the defendant.

RUGG, C.J.   This is an action of tort wherein the plaintiff seeks to recover compensation for personal injuries sustained by her through the alleged negligent operation of the defendant's automobile.   The defendant, her two daughters, and the plaintiff, lived together in Brookline.   The defendant was the owner of the automobile.   Her younger daughter

asked the defendant if the elder daughter could take herself and the plaintiff in the automobile on a skating party. The mother said "yes" or "certainly." The plaintiff, the defendant and the two daughters were present at this conversation. The elder daughter was the only one of the four who could drive this automobile. The plaintiff was injured during an attempt to put the automobile in the garage on the return from the skating party.

The owner is not responsible for the negligent act of the driver of an automobile unless the driver is the servant or agent of the owner acting within the scope of the authority arising from such employment, or unless the act is subsequently ratified. The relation of parent and child standing alone does not establish agency. This principle has been discussed and amplified with full review of authorities in recent decisions and is settled law.

The evidence in its aspect most favorable to the plaintiff is insufficient to establish agency between the mother and the daughter driving the automobile. It goes no further than to show permission to the three who went in it to use the automobile for their own pleasure or convenience. The case is governed on this point by *McGowan* v. *Longwood*, 242 Mass. 337, *Lowe* v. *Antonelli*, 245 Mass. 237, *Kwedares* v. *Knoel*, 261 Mass. 91, and cases there cited, and *Dennis* v. *Glynn*, *ante*, 233. It is distinguishable from *Bourne* v. *Whitman*, 209 Mass. 155, 173. Verdict rightly was directed for the defendant. Other questions argued become immaterial and need not be considered.

*Judgment on the verdict.*