CAROLINE KINDELL *vs.* JAMES AYLES.

SAME *vs.* ELLA W. AYLES.

Middlesex.    January 16, 1928.— April 3, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Agency,* Existence of relation.    *Evidence,* Admissions and confessions.

At the trial of an action of tort for personal injuries, it appeared that the defendant owned and had registered in his name an automobile which he permitted his daughter, who was the only one in the family having a license, to drive; that the daughter's fiancé frequently drove the automobile without the defendant's permission; that on a certain night the defendant saw his wife, his daughter and her fiancé with their hats and coats on, and knew they were going out, but did not know where they were going, or how; that on that night the fiancé drove the automobile when he and the daughter went to another city, and, at the wife's request, took her with them so that she might call at her brother's house. On the journey the defendant's automobile struck and injured the plaintiff as she was boarding a street car. *Held,* that a finding was not warranted that the fiancé was operating the automobile as the servant or agent of the defendant.

At the trial of an action against the wife of the defendant in the action above described, it appeared that the daughter rode on the front seat of the automobile with her fiancé; that the defendant's wife rode on the back seat; that, after the accident, the wife said to the fiancé, "I told you not to drive by that car"; and that the wife told the fiancé to drive the plaintiff to the doctor's office, where she said to the plaintiff "not to worry, everything would be all right, that if . . . [she] had to go to the hospital . . . [the wife] would pay the expenses, all . . . [her] expenses." The judge denied a motion that a verdict be ordered for the defendant. *Held*, that

(1) A finding was not warranted that the wife was in control of the automobile at the time of the accident;

(2) The statement of the wife to the plaintiff at the doctor's office was not an admission of liability;

(3) A verdict should have been ordered for the defendant.


Two ACTIONS OF TORT for personal injuries. Writs dated February 11, 1925. ·

In the Superior Court, the actions were tried together before *McLaughlin,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant in the first action and denied a motion that verdict be ordered for the defendant in the second action. There was a verdict for the plaintiff in the second action for $870. The plaintiff in the first action and the defendant in the second action presented a consolidated bill of exceptions.

The cases were argued at the bar in January, 1928, before *Rugg,* C.J., *Braley, Pierce, Carroll,* & *Sanderson,* JJ., and afterwards were submitted on briefs to all the Justices.

*B. F. Thornburg,* for the plaintiff.

*P. J. Dowd,* for the defendants.

PIERCE, J. These are two actions of tort by the same plaintiff, one against James Ayles and the other against Ella W. Ayles, his wife. At the close of all the evidence the defendant James Ayles moved for a directed verdict; to its allowance the plaintiff duly excepted. The defendant Ella W. Ayles moved for a directed verdict at the close of all the evidence, which was refused; the defendant duly excepted. In this case the jury returned a verdict for the plaintiff.

It was admitted at the trial that there was evidence from which the jury could find that the driver of the Ford sedan, one Carroll, was negligent and that the plaintiff was in the

exercise of due care. "All the material evidence and matters pertaining to the case" are reported. The question here is one of agency, the issues being: (1) "Was there evidence that Carroll, the driver of the car, was the servant, agent, or employee of James Ayles?" and (2) "Was there evidence that Carroll, the driver of the car, was the servant, agent or employee of Ella W. Ayles, or was Mrs. Ayles in control of the car? or was Miss Ayles in control of the car?"

The jury were warranted on the reported evidence in finding the following facts: On January 8, 1925, at about 7:15 P.M. the plaintiff as she was about to board a standing electric car was struck by an automobile, owned by the defendant James Ayles and driven by one Paul M. Carroll. The car which struck the plaintiff was registered in the name of James Ayles, one of the defendants. It was purchased for his own use and neither he nor his wife, the other defendant, could drive it. The Ayles family consisted of the defendants and a daughter, Dorothy, who had a license to drive. Paul M. Carroll, who was driving the car at the time of the accident, was the fiancé of Dorothy, who frequently used the car with and without the permission of her father. On several occasions she had taken her mother out to do errands and to make calls, and at the request of her father had gone to the store where he was employed to bring him home. There was no evidence that Carroll had a license to operate an automobile. On the night in question James Ayles did not know the car was being used. He saw his wife, daughter and Carroll with their hats and coats on, knew they were going out, and did not know where they were going or how. Carroll had driven the car before in defiance of the prohibition of the father, but never with his permission. While James Ayles was in the cellar, Carroll and Dorothy left the house. Carroll took his seat behind the wheel, Dorothy sitting beside him. As they were about to start Mrs. Ayles asked them, in substance, to wait for her as she wanted to go to her brother's. They waited until she took her seat in the rear of the car. On the way to Boston she told them where to let her off, and she was left at the corner of Arlington Street and Boylston Street.

Mrs. Ayles and Carroll were the first to come to the plaintiff after the accident, and "the plaintiff heard Mrs. Ayles say to Carroll as they came to the front of the automobile as the plaintiff lay on the ground, 'I told you not to drive by that car.'" Mrs. Ayles told Carroll to take the plaintiff to the doctor's office and while there, when the plaintiff said "I wonder if my legs are broken, if I will ever be able to walk again," told her "not to worry, everything would be all right, that if . . . [she] had to go to the hospital, . . . [Mrs. Ayles] would pay the expenses, all . . . [her] expenses." Carroll and Mrs. Ayles took the plaintiff home and on the way Mrs. Ayles told the plaintiff she was "terribly sorry" that the accident had happened.

As to the defendant James Ayles, there is no evidence in the record other than the fact that he owned the automobile and permitted his daughter to use it as a member of his family. That such permission and knowledge of use do not create the relationship of master and servant or that of agency is well established in this Commonwealth; and it is equally well established that without such relation the owner of the car is not responsible for the negligence of the driver. *McGowan* v. *Longwood,* 242 Mass. 337, 342. *Field* v. *Evans,* 262 Mass. 315. *Van Blaricom* v. *Dodgson,* 220 N. Y. 111. The direct evidence reported would not warrant a finding that Carroll was acting as the servant or agent of James Ayles, and no inference of such service can be drawn from the mere fact that he was driving the car in the presence and under the direction of Dorothy Ayles, who alone, on the evidence, had a license to operate the automobile. *Marsal* v. *Hickey,* 225 Mass. 170. *Lowe* v. *Antonelli,* 245 Mass. 237. *Rosenberg* v. *Karas,* 259 Mass. 568. In this action the verdict was directed rightly and the exceptions must be overruled.

In the action against Ella W. Ayles the jury would not be warranted on the evidence in finding, from the fact that the defendant requested or even commanded her daughter and Carroll to carry her on her way to visit her brother, that she assumed control of the car and driver as soon as she entered the car and retained control until the accident. The

fact that she told Carroll "not to drive by that car," meaning the electric car which the plaintiff was about to board when she was struck, would not warrant the jury in finding that she exercised control of the automobile or of her daughter and the driver, Carroll. At most it was evidence of a perturbed mind, and of a purpose, having regard to the safety of herself and daughter, to insist that Carroll should drive with care. The declaration of the defendant, that if the plaintiff had to go to the hospital the defendant would pay the expenses, was not an admission of liability or of any legal obligation as between the plaintiff and defendant. *Bernasconi* v. *Bassi*, 261 Mass. 26, 28. A majority of the court are of opinion that in the action against Mrs. Ayles the motion for a directed verdict should have been granted.

It results that the plaintiff's exceptions are overruled in the action against James Ayles; and the defendant's exceptions are sustained in the action against Ella W. Ayles, and judgment is to be entered for that defendant. G. L. c. 231, § 122.

*So ordered.*