IRVING SIMMONS *vs.* THELMA RABINOWITZ.

Suffolk.    January 7, 1929. — January 30, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Agency*, Existence of relation.    *Motor Vehicle. Practice, Civil*, Exceptions.

At the trial of an action of tort, commenced before St. 1928, c. 317, became operative, for personal injuries resulting from the negligent operation of an automobile owned by the defendant, the wife of the operator, an instruction by the trial judge to the jury, that, if the automobile "was being used [by the operator] with . . . [the defendant's] consent and approval," it might be found that the operator was acting as agent of the defendant at the time of the accident, was erroneous; and, although there was evidence warranting a finding that the operator at that time was acting as agent of the defendant, an exception saved by the defendant to such instruction must be sustained.

TORT for personal injuries.    Writ dated June 25, 1926. The action was tried in the Superior Court before *Irwin,*

J. Material evidence and a portion of the judge's charge to the jury are described in the opinion. The jury found for the plaintiff in the sum of $2,500, and the defendant alleged exceptions.

*Joseph Wentworth,* for the defendant.

*B. Silverblatt,* for the plaintiff.

SANDERSON, J. The plaintiff, while standing on the sidewalk, was injured by the defendant's automobile which her husband, a licensed operator, was driving. In the early afternoon of the day in question he took the automobile from a garage and drove it to a store to buy cigars for himself and candy for a visitor at his house who was to leave by train that afternoon. After making the purchases he started toward his home to take his wife and the visitor to the station. Before reaching the house the automobile was hit by a motor vehicle approaching on the left from an intersecting street. The impact caused the defendant's automobile to go upon the sidewalk thereby injuring the plaintiff. The defendant, who held no operator's license, permitted her husband to use her automobile whenever he wished and approved any use he might make of it. There was evidence to justify a finding of negligence on the part of the defendant's husband in operating the automobile and of due care on the part of the plaintiff.

In his charge the judge, subject to the defendant's exception, instructed the jury that if the defendant's automobile "was being used with her consent and approval" it might be found that her husband was acting as her agent at the time of the accident, and that if that were true, then the defendant might be found liable. Upon the evidence the finding might have been made that the driver, being on the way home to transport the defendant and a visitor in accordance with an arrangement previously made, was acting as the agent of his wife at the time of the accident, but the jury were not bound to reach that conclusion. The charge was erroneous in permitting the jury to find agency established upon proof that the automobile was being used with the defendant's consent and approval, without more. The agency relationship, which is the foundation of the owner's

liability for negligent acts of the operator of the automobile, cannot be inferred from the owner's consent to and approval of its use unless other facts are also found. *Haskell* v. *Albiani*, 245 Mass. 233, 236. *Dennis* v. *Glynn*, 262 Mass. 233, 234. *Field* v. *Evans*, 262 Mass. 315. *Kindell* v. *Ayles*, 263 Mass. 244, 247. This exception must be sustained. Other questions argued need not be considered. St. 1928, c. 317 became operative after the trial.

*Exceptions sustained.*