GERALDINE S. NASH *vs.* WILLIAM H. LANG.

Suffolk.    February 5, 1929. — September 10, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Motor Vehicle*, Registration. · *Trespass.    Agency*, Existence of relation. *Bailment.    Husband and Wife.. .Negligence*, Imputed, Of bailee.

Where, upon a report. by a judge of a district court to an appellate division, it appears that the judge found˜for the plaintiff, such finding imports a finding of all subsidiary facts essential to that conclusion and must stand unless unsupported by evidence.

A bailor of an automobile, free from personal negligence, may recover in an action against a third person for damage to the automobile resulting from concurring negligence of the bailee and of such third person.

At the trial of an action by a wife for damage caused to an automobile, alleged to be her property, by negligence of the defendant, there was evidence that, when she was not present, her husband had purchased the automobile with his money and presented it to her as an anniversary wedding gift, and that after such damage had occurred he turned it in.to a.dealer and purchased another automobile.    Both the

wife and the husband testified that she owned it. *Held*, that such evidence warranted a finding that the plaintiff and not the husband owned the automobile.

At the trial of the action above described, it appeared that the automobile damaged was registered in the plaintiff's name; that in her application in writing to the registrar of motor vehicles for registration, in answer to a question, "From whom did you purchase the vehicle?" she inaccurately had stated that she had purchased the automobile from a dealer, instead of stating that it had been presented to her by her husband as a gift. *Held*, that such inaccuracy did not make the registration in the plaintiff's name illegal nor render the automobile an outlaw on the highway.

A wife gratuitously lent an automobile, owned by her, to her husband, a physician, in order to enable him to make his professional calls. While, unaccompanied by his wife, he was driving it on a highway pursuant to such use, it was damaged in a collision caused by concurring negligence on his part and on the part of a third person. In an action by the wife against the third person for the damage resulting to the automobile, there was a finding for the plaintiff. *Held*, that

(1) In the circumstances thus disclosed, the husband was not the agent of the plaintiff in driving the automobile;

(2) The relation of the plaintiff and her husband with respect to the automobile was that of bailor and bailee;

(3) The interest of the wife in the professional success of her husband, aided though it might have been by his marital obligation to support her, was not sufficient to render the work of the husband a joint enterprise of both;

(4) The negligence' of the bailee, the husband, in the absence of and without participation by the plaintiff, did not bar her right of action against the third person.

TORT for damage to an automobile, alleged to be owned by the plaintiff. Writ in the Municipal Court of the City of Boston, dated January 16, 1928.

At the trial in the Municipal Court, it appeared that the plaintiff was not accompanying her husband at the time of the accident resulting in the damage of the automobile. Other material facts are stated in the opinion. The judge found for the plaintiff in the sum of $550 and reported the action to the Appellate Division. The report was ordered dismissed. The defendant appealed.

*J. A. Canavan*, for the defendant.

*W. H. Taylor*, for the plaintiff.

RUGG, C.J.   This is an action of tort to recover compensation for damage caused by the negligence of the defendant to an automobile, alleged to be owned by the plaintiff, while

lent by her to her husband and being driven by him in her absence. The finding of the trial judge was in favor of the plaintiff. Such general finding imports a finding of all subsidiary facts essential to that conclusion. The finding must stand unless unsupported by evidence. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143.

There was uncontradicted testimony that the husband purchased the automobile when the plaintiff was not present, paid for it with his own money, and presented it to her as an anniversary wedding gift. After the accident the husband turned the automobile in to a dealer and purchased another. Both the plaintiff and the husband testified that she owned the automobile. This was sufficient to support a finding that the plaintiff and not the husband was owner of the automobile which was damaged. G. L. c. 209, § 3.

The plaintiff made application for registration of the automobile in her own name. In this application for registration the plaintiff stated in answer to question 6 the following: "From whom did you purchase the vehicle?" a. Name "Boston Buick Co." b. Address "Mass. Ave. Boston." c. When "October 10, 1926." The plaintiff answered question 9 as follows: "Is this vehicle owned by you individually?" "Yes." The automobile was registered in the name of the plaintiff. No controversy exists on that point. It is conceded that the answer of the plaintiff to question 6 in the application was not strictly accurate. But that did not affect the main purpose of registration, which is to afford identification of the owner and of the motor vehicle. *Fairbanks* v. *Kemp*, 226 Mass. 75. *Shufelt* v. *McCartin*, 235 Mass. 122. This inaccuracy in the statement in the application did not go to a vital matter and did not invalidate the action taken on it by the registrar of motor vehicles. Question 6 on the application blank is not specifically required by G. L. c. 90, § 2, and amendments, although such inquiry may be made by the registrar under the general authority conferred upon him. There was no question on the blank covering definitely the acquisition of a motor vehicle by any other method than by purchase. The registration was legal and the automobile was not an outlaw on

the highway. In principle the case at bar on this point does not differ from *Harlow* v. *Sinman*, 241 Mass. 462, and *Koley* v. *Williams*, 265 Mass. 601. It bears no resemblance to cases like *Nichols* v. *Holyoke Street Railway*, 250 Mass. 88, *Bacon* v. *Boston Elevated Railway*, 256 Mass. 30, *Wallace* v. *New Bedford & Onset Street Railway*, 259 Mass. 20, and *DiFranco* v. *West Boston Gas Co.* 262 Mass. 387.

The plaintiff gratuitously lent her automobile to her husband, a physician, in order to enable him to make his professional calls. While being driven on the highway pursuant to this use, the automobile was damaged by the concurring negligence of the husband and the defendant. In the circumstances thus disclosed, the husband was not the agent of the plaintiff in driving the automobile. He was acting independently and in his own right. *Simmons* v. *Rabinowitz*, 266 Mass. 109. *Harvey* v. *Squire*, 217 Mass. 411, 414. The question of agency arises frequently in cases where it is sought to fasten upon an owner liability for the tort of a borrower operating the automobile for his own ends. Where this is all that appears, the owner has been exonerated. *Haskell* v. *Albiani*, 245 Mass. 233. *Dennis* v. *Glynn*, 262 Mass. 233. *Field* v. *Evans*, 262 Mass. 315. See now St. 1928, c. 317.

The interest of the wife in the professional success of her husband, aided though it may be by his marital obligation to support her, is not sufficient to render the work of the husband a joint enterprise of both. There must be additional factors to establish the relation of principal and agent or master and servant. See *Goldstein* v. *Slutsky*, 254 Mass. 501, 505; and *McGowan* v. *Longwood*, 242 Mass. 337. It follows that the relation of the plaintiff and her husband with respect to the automobile was that of bailor and bailee.

The remaining question for decision, put abstractly, is whether a bailor, free from personal negligence, may recover for damage to the bailed automobile resulting from concurring acts of negligence of the bailee and of a third person. Stated in slightly different form, the question is whether the negligence of the bailee, concurring with that of a third person to injure the bailed automobile, is to be imputed by law

to the innocent bailor and thus bar him from recovery for
the wrong done him.   This question has never been decided
in this Commonwealth. · It may have been open upon the
record in *Smith* v. *Smith*, 2 Pick. 621, where it is stated in the
facts (apparently prepared by the writer of the opinion) that
the horse and wagon, for damage to which the plaintiff was
seeking recovery, had been hired and at the time of the acci-
dent was being driven by one Kimball.   Both parties may
have accepted as correct, so far as concerned the imputation
of the negligence of Kimball to the plaintiff, the instruction
to the jury that, if Kimball was wanting in any respect in
ordinary care, the defendant was not liable.   The judgment
of the court proceeds on the footing "that this action cannot
be maintained, unless the plaintiff can show that he used
ordinary care."   From the statement of facts as a whole,
it well might be inferred that, through the negligence of the .
plaintiff, the wagon or harness or both were lacking in parts
essential for safety in driving and that thus the injury re-
sulted.   However that may be, no reference is made in the
opinion to the subject of bailment, or to the imputability of
the negligence of the bailee to the bailor.   Seemingly the
minds of the court were not directed to this aspect of the
case, either by their own investigations or by arguments of
counsel.   An entirely different point of law was discussed
in the opinion, namely, whether the defendant was not liable
as the person originally in fault in unlawfully placing obstruc-
tions in the highway, even though the driver of the horse and
wagon was in some degree wanting in due care.   *Brown* v.
*Alter*, 251 Mass. 223, 224.   In these circumstances that de-
cision does not stand as an authority for any proposition not
discussed.   No question having been made in that case as
to the point here presented, the court are free to decide it
according to sound principles as they now appear.   *Vigeant*
v. *Postal Telegraph Cable Co*. 260 Mass. 335, 343, 344, and
·cases cited.   *Swan* v. *Justices of the Superior Court*, 222 Mass.
542, 545, and cases cited.   *Glaser* v. *Congregation Kehillath
Israel*, 263 Mass. 435, 439.   *Cochrane* v. *Forbes*, 267 Mass.
417, 419.   In *Dunn* v. *Old Colony Street Railway*, 186 Mass.
316, the question here presented did not arise because, as

stated in the opinion, it was not contested that the negligence of the driver of the wagon on which furniture of the plaintiff was loaded was to be imputed to the plaintiff. It was held in *Herlihy* v. *Smith*, 116 Mass. 265, that negligent conduct of the bailee of a horse and carriage causing injury to a third person did not render the bailor liable to such third person. That does not throw much light on the case at bar. In *Shultz* v. *Old Colony Street Railway*, 193 Mass. 309, it was decided that a guest, riding in a vehicle at the invitation of its owner and driver and in the exercise of due care, might recover from a third person whose negligence in concurrence with that of the owner and driver caused him injury. That decision does not quite reach to the present case, although its implications, so far as they go, and its principle and logic, favor the plaintiff. The question is treated as open for decision without binding precedent among our own cases.

The decided weight of judicial authority at present is that the contributory negligence of the bailee, concurring with that of a third person to injure the bailed property, is not to be imputed to the bailor who is free from any negligence. The modern trend is strongly in that direction. There are numerous well reasoned decisions to that effect. *Morgan County* v. *Payne*, 207 Ala. 674. *Bradley* v. *Ashworth*, 211 Ala. 395. *Missouri Pacific Railroad* v. *Boyce*, 168 Ark. 440. *Currie* v. *Consolidated Railway*, 81 Conn. 383, 388. *Tobin* v. *Syfrit*, 32 Del. 274. *Bower* v. *Union Pacific Railroad*, 106 Kans. 404. *Guthrie* v. *Missouri Pacific Railroad*, 279 S. W. Rep. (Mo.) 210, 212. *Lacey* v. *Great Northern Railway*, 70 Mont. 346, 354. *Cain* v. *Wickens*, 81 N. H. 99. *New York, Lake Erie & Western Railroad* v. *New Jersey Electric Railway*, 31 Vroom, 338, 346, 349, affirmed in *New Jersey Electric Railway* v. *New York, Lake Erie & Western Railroad*, 32 Vroom, 287. *Gibson* v. *Bessemer & Lake Erie Railroad*, 226 Penn. St. 198. *Lloyd* v. *Northern Pacific Railway*, 107 Wash. 57. *Calumet Auto Co.* v. *Diny*, 190 Wis. 84. *Hunt-Berlin Coal Co.* v. *McDonald Coal Co.* 148 Tenn. 507. *Wellwood* v. *Alexander King, Ltd.* [1921] 2 Ir. R.

274. *Sea Ins. Co.* v. *Vicksburg, S. & P. Railway*, 86 C. C. A. 544 (159 Fed. Rep. 676).

There are decisions to the contrary. *Vanderplank* v. *Miller, M. & M.* 169, decided in 1828. *T. & P. Railway* v. *Tankersley*, 63 Texas, 57. *Puterbaugh* v. *Reasor*, 9 Ohio St. 484. *Illinois Central Railroad* v. *Sims*, 77 Miss. 325. See *Grand Rapids & Indiana Railway* v. *Resur*, 186 Ind. 563, 565. See *Arctic Fire Ins. Co.* v. *Austin*, 69 N. Y. 470, 482, 483; compare *Fischer* v. *International Railway*, 182 N. Y. Supp. 313; and *Rockland Lake Trap Rock Co.* v. *Lehigh Valley Railroad*, 115 App. Div. (N. Y.) 628. See 45 C. J. page 1027, note 97, for collection of cases. Doubtless these latter decisions to the contrary correctly state the common law generally prevailing in earlier times. As matter of history, a man was once responsible for all harm done by animals or things which belonged to him regardless of his negligence. Mr. Justice Holmes sketches the development of this doctrine from Exodus xxi, 28, to comparatively recent years in The Common Law, pages 7–35. See also 2 Holdsworth's History of English Law, pages 46, 47, 259, 477; 2 Pollock & Maitland, History of English Law, pages 469–472. The law on this point was long ago utterly changed. It was so clearly settled to the contrary in 1874 as not to be dignified by discussion and to require almost a rebuke even when the offending thing was in the hands of a negligent bailee. *Herlihy* v. *Smith*, 116 Mass. 265. The decisions already cited show that there has been evolution of the governing principle of law, in conformity to the needs of different social conditions and to the dominant moral sense of the community, to the point where the owner, if not himself at fault, may recover damages for injury to his property flowing from the negligence of another even though that property be at the moment in the possession of one whose relation to it is that of bailee. Juristic thought is inclined to the position that the doer of a legal wrong ought to be held to make compensation for its harmful consequences to the person injured unless the latter has himself contributed thereto by his own tortious conduct.

If the question we have to decide be considered on reason and apart from authority, the same result is reached. The case last cited settles the law to be that the bailee is not the agent of the bailor. The law of bailment is a special branch of jurisprudence under the common law. It is founded upon express or implied contract between the parties. The delivery of a chattel in bailment, apart from specific stipulation, confers upon the bailee the right to use and enjoy possession free from control by the bailor, subject to the obligation to do so with care, with due regard to its nature and characteristics and its preservation in safety, and to return it in good order barring unavoidable casualties at the expiration of the bailment. The general title remains in the bailor; the bailee has a special interest for the purposes of the bailment. The bailor may maintain an action against a third person for permanent injury to the chattel or for its conversion or for its replevin. In view of these established principles, it seems strained to hold that, with respect to an injury done the chattel by a third person, there is such identity between the bailor and bailee as to prevent action by either unless there could be recovery by the other. It is hardly an answer to say that the bailee has his action against a wrongdoer and that hence the bailor ought to be barred. *Johnson* v. *Holyoke*, 105 Mass. 80. *Brewster* v. *Warner*, 136 Mass. 57. The bailee may not choose to enforce his action. For numerous reasons it may not be for his interest to do so. He cannot be compelled to engage in such litigation. The bailor has a right of action against the bailee for wrong done by him. But the bailee may be irresponsible. The bailee does not stand in the place of the bailor nor represent him. He is not servant or agent of the bailor. The bailor is not responsible for the conduct of the bailee. The two have separate, distinct and independent rights and obligations with respect to each other, and with respect to third persons. It does not appeal to our sense of justice that, for any of these reasons, a bailor must be deprived of his action against one who has damaged his property. Commonly, an injured person may proceed to judgment against any or all who have committed

a tort against him.    The imputation of negligence rests upon the relation of master and servant, principal and agent, the obligation of a custodian to care for an incapable dependent, coöperation in a common enterprise, and cases of that nature. A passenger in the exercise of due care on a conveyance of a common carrier, injured by the concurrent negligence of the carrier and a third person, can maintain an action against either or both wrongdoers contributing to his injury.    It would be incongruous to hold that the passenger could recover against the third person compensation for injury to his person, but to deny such recovery for damage to his hand baggage or trunk taken with him on the journey and committed to the care of the same common carrier.

In our opinion it follows upon principle that the plaintiff is not prevented from recovering compensation for the injury sustained to her property through the positive neglect of duty owed to her by the defendant, even though such neglect may have concurred to produce the harm with negligence of the bailee of his property.    It would be difficult to reach any other conclusion in view of the reasoning and the authorities upon which rests the decision in *Shultz* v. *Old Colony Street Railway,* 193 Mass. 309.    It hardly need be added that this judgment is not designed to treat of the rights and obligations of the shipper and common carrier of goods.    See *New York, Lake Erie & Western Railroad* v. *New Jersey Electric Railway,* 31 Vroom, at page 349.

*Order dismissing report affirmed.*