Rollins, J.
The plaintiff, in this action of tort, seeks to recover for damages to his automobile which was involved in a collision with a car owned by one Martins. At the time of the accident.Martins’ car was driven by one Rebello, an employee of the defendant company.
At the beginning of the trial it was agreed that the only issue to be decided by the trial court was whether or not Rebello, at the time of the accident, was the agent or servant of the defendant and acting within the scope of his employment. It was further agreed that in the event there was a finding for the plaintiff judgment should be for $285.
The evidence introduced at the trial tended to show the following facts:
Clementine S. Martins, daughter of Martins, worked in the Monarch Wash Suit Company. On the day before the ‘ accident she had caused the defendant to be notified that she *185 wanted repairs to be made on her father’s car and that one of the defendant’s employees must ride with her in the car to her place of work on the following morning and then drive the car to defendant’s garage for repairs. It was the common practice and custom of the defendant to have its employees “pick up”.the customers’ cars for the purpose of repairing the same and to have them deliver the cars after repairs had been made.
Briggs, the general manager of the defendant company, was informed of Miss Martins’ request and he instructed one of the employees named “Tex” to take care of it. “Tex” in turn told Rebello that he, “Tex”, could not, or did not want to take care of this matter and Rebello volunteered to do it. Rebello was employed by the defendant and one of his duties was to “pick up” cars of customers for repairs.
On the day of the accident Miss Martins, driving her father’s car, met Rebello at the defendant’s'garage at 7:30 A. M. and drove him to the Wash Suit Company where Miss Martins got out and went to her work. She told Rebello to drive the car back to the garage.
Rebello had not then had his breakfast, and- did not usually report for work at the garage until 8 A. M., so instead of driving directly back to the garage, which would have been in a due northerly direction and a distance of 1 3/10 miles, he drove in a due westerly direction for a distance of one mile to his home. There he had breakfast and then started in the car in a due easterly direction to take it back to the garage for repairs. When he had gone 1/10 of a mile and was still 9/10 of a mile from the Monarch Wash Suit Company, the accident occurred.
The defendant seasonably filed nine requests for rulings. The trial judge granted the first request as a correct statement of law, denied all the other requests, and found for the plaintiff in the sum of $285.
*186 Upon these facts we must determine whether at the time and place of the accident, Rebello was the agent or servant of the defendant acting within the scope of his employment or whether he had deviated therefrom for purposes of his own. In other words, Avas he then and there on his master’s business or on “a frolic of his oavu?”
■ When Rebello had left Miss Martins at the Monarch Wash Suit Company it was his duty to drive the car directly north to the defendant’s garage. His deviation from the proper route in going, in an entirely different direction, to his home for breakfast, was clearly outside the scope of his employment. At the time the accident occurred he was still 9/10 of a mile from his proper route and not on his master’s business. There is no evidence that Rebello was ever given permission to use a customer’s car to drive him for meals, nor can such permission be implied. We are of opinion that Rebello, at the time and place of the accident, was not engaged on his master’s business but was acting for a purpose of his own. (See Porcino v. DeStefano, 243 Mass. 398, 400) Hartmet v. Grysmish, 218 Mass. 258, 262. Vallavamti v. Armour $ Co., 260 Mass. 417. McCarthy v. Timmins, 178 Mass. 378.
The evidence in its aspect, most .favorable to the plaintiff is insufficient to establish agency between the defendant and Rebello and there was prejudicial error in the denial of the defendant’s second request for ruling. Field v. Evans, 262 Mass. 315, 316.
It is unnecessary to consider the other requests.
The finding for the plaintiff is to be vacated and a finding -for the defendant entered.