## THOMAS SQUEGLIA
*vs.*
## HENRY R. STROUBE, JR.

Court of Common Pleas  New Haven County  File No. 32637

MEMORANDUM FILED APRIL 28, 1942.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Plaintiff.

*Walter T. Walsh,* of New Haven, for the Defendant.

Memorandum of decision on demurrer to special defense.

PARMELEE, J.  This is an action brought by the plaintiff, Thomas Squeglia, the owner of an automobile involved in a collision with an automobile driven by the defendant Henry R. Stroube, Jr.  At the time of the collision the plaintiff's auto-mobile was being operated, not by himself but by his gratui-tous bailee, one Thomas Marcella.

The special defense alleges that on May 15, 1941, one Salvatore Squeglia, who was a passenger in the car of the present plaintiff, brought suit in the Superior Court against the present defendant, and that a judgment was entered in said action wherein the court found that the drivers of both automobiles were negligent and that said negligence of this

plaintiff's bailee was a proximate cause of said collision. Although it is not alleged in the special defense it would appear that the said Salvatore Squeglia, the passenger in this plaintiff's car, sought to recover damages for personal injuries to himself, as a result of said collision.

The question is whether or not this plaintiff is barred or estopped from bringing this action against this defendant (the driver of the car which collided with his car while it was being driven by his bailee, Marcella) by reason of the fact that Salvatore Squeglia (a passenger in this plaintiff's car while being operated by said bailee, Marcella) went to judgment in the Superior Court, wherein the court found not only that this plaintiff's bailee was negligent, which negligence was a proximate cause of the collision, but also that the driver of this defendant's automobile was also negligent. The relation of bailor and bailee existed between this plaintiff and the operator of his car, Thomas Marcella. Either could have sued for the damage to the car. *Gillette vs. Goodspeed,* 69 Conn. 363, 370. The owner-bailor has elected, in the instant case, to sue this defendant. If final judgment should be rendered against him, his bailee, Marcella, would be estopped from bringing another action for damages to this car against this defendant. *Ladany vs. Assad,* 91 Conn. 316; *Ruocco vs. Logiocco,* 104 id. 585. Likewise, if the bailee brought suit against this defendant for damage to the bailed property the bailor would be estopped from bringing another action for damage to the bailed property against this defendant. However, the negligence of a bailee concurring with that of a third person to injure the bailed automobile is not imputed by law to the innocent bailor, thus barring him from recovery for the wrong done him. *Nash vs. Lang,* 268 Mass. 407, 167 N.E. 762; *Bresnick vs. Heath,* 292 Mass. 293, 198 N.E. 175. *Currie vs. Consolidated Ry. Co.,* 81 Conn. 383.

The opinion written by Chief Justice Rugg in *Nash vs. Lang, supra,* discusses this point in detail and is quoted in part as follows: "The decided weight of judicial authority at present is that the contributory negligence of the bailee, concurring with that of a third person to injure the bailed property, is not to be imputed to the bailor who is free from any negligence. The modern trend is strongly in that direction. There are numerous well reasoned decisions to that effect.... The decisions already cited show that there has been evolution

of the governing principle of law, in conformity to the needs of different social conditions and to the dominant moral sense of the community, to the point where the owner, if not himself at fault, may recover damages for injury to his property flowing from the negligence of another even though that property be at the moment in the possession of one whose relation to it is that of bailee. Juristic thought is inclined to the position that the doer of a legal wrong ought to be held to make compensation for its harmful consequences to the person injured unless the latter has himself contributed thereto by his own tortious conduct.

"If the question we have to decide be considered on reason and apart from authority, the same result is reached. The case last cited settles the law to be that the bailee is not the agent of the bailor. The law of bailment is a special branch of jurisprudence under the common law. It is founded upon express or implied contract between the parties. The delivery of a chattel in bailment, apart from specific stipulation, confers upon the bailee the right to use and enjoy possession free from control by the bailor, subject to the obligation to do so with care, with due regard to its nature and characteristics and its preservation in safety, and to return it in good order barring unavoidable casualties at the expiration of the bailment. The general title remains in the bailor, the bailee has a special interest for the purposes of the bailment. The bailor may maintain an action against a third person for permanent injury to the chattel or for its conversion or for its replevin. In view of these established principles, it seems strained to hold that, with respect to an injury done the chattel by a third person, there is such identity between the bailor and bailee as to prevent action by either unless there could be recovery by the other. It is hardly an answer to say that the bailee has his action against a wrongdoer and that hence the bailor ought to be barred. *Johnson vs. Holyoke*, 105 Mass. 80, *Brewster vs. Warner*, 136 Mass. 57. The bailee may not choose to enforce his action. For numerous reasons it may not be for his interest to do so. He cannot be compelled to engage in such litigation. The bailor has a right of action against the bailee for wrong done by him. But the bailee may be irresponsible. The bailee does not stand in the place of the bailor nor represent him. He is not servant or agent of the bailor. The bailor is not responsible for the conduct of the bailee. The two have separate, distinct and independent rights

and obligations with respect to each other, and with respect to third persons. It does not appeal to our sense of justice that, for any of these reasons, a bailor must be deprived of his action against one who has damaged his property." *Bresnick vs. Heath, supra,* cites *Nash vs. Lang, supra,* with approval and holds that "the claim of the plaintiff to a recovery is based on the rule of law that the bailor of an automobile, free from personal negligence, may recover against a third person for damage to that automobile resulting from the concurring negligence of the bailee and such third person. The defendant rightly concedes that the negligence of the son of the plaintiff in operating his automobile is not to be imputed to the plaintiff."

It is claimed in the special defense that the judgment and finding in the Superior Court in the case of Salvatore Squeglia (the passenger) against this defendant is *res judicata* as to the cause of action set up in the present complaint. Where there is an identity of causes of action, or even if the causes are not identical but do raise an important identical issue, then the parties and their privies are concluded by the decision of that issue in a court of competent jurisdiction. *Ruocco vs. Logiocco, supra,* p. 593. "By identity of parties is meant, not only the same parties, but all those who are in privity with them; *and the parties, it is said, must have appeared in the same capacity.*" *Ruocco vs. Logiocco, supra,* p. 593. (Italics added.) There was no identity between either plaintiff or defendant in the former action and this plaintiff; neither was there privity. The bailee was not a party to the former action, but even if he had been, his negligence would not bar the right of the innocent bailor to bring an action to recover for the damage to his property by a third person whose negligence, or concurrent negligence with the bailee, was the cause of the damage. *Nash vs. Lang; Bresnick vs. Heath, supra.* While it may be that the judgment in the former action is evidence of the conclusiveness of some material facts, the truth of which parties are now estopped from denying, it cannot be held that this judgment supports a conclusion that this plaintiff is now barred or estopped from bringing the present action for damage to his property caused by the concurrent negligence of his bailee and a third person. *Fuller vs. Metropolitan Life Ins. Co.,* 68 Conn. 55, 64, 65. The plaintiff in the present case was not in privity with any of the parties in the former action and the fact that he was in privity with

his bailee is not controlling on the facts alleged in the special defense.

The demurrer is sustained.