GILLEN, J. (Riley, J. and Tomasello, J.)-
— This is an action of tort in which the Plaintiff seeks to recover for property damage to an automobile, it being the owner and holder of the legal title of said automobile.
The motor vehicle in question was obtained by Charles Sorrento, Jr., from J. J. Brodigan Motors, Inc. under a “Title Contract;” on the same day the said “Title Contract” was assigned and transferred by J. J. Brodigan Motors, Inc. to the Associates Discount Corporation.
The collision damaging the automobile occurred May 3, 1941 while the motor vehicle was being operated by said Sorrento, the conditional vendee. The negligence of the defendant and the contributory negligence of the said conditional vendee caused the collision.
The defendant now claims to be aggrieved only by the denial of requests No. 6 and No. 7 by the trial judge, waiving all other rulings at the argument before this division.
Request No. 6 is as follows •
Upon all the evidence there must be a finding for the defendant for the reason that whatever title the plaintiff had to the motor vehicle in question on May 3, 1941, was not sufficient to enable it to recover for damages to said vehicle.
*154 In Nash v. Lang, 268 Mass. 407, where the bailor of a motor vehicle brought suit to recover for damage to the automobile while in control of th bailee it was held that if the owner is not at fault he may recover damages for injury to his property flowing from the negligence of another even though the property be at the moment in the possession of one whose relation to it is that of bailee.
In Associates Discount Corporation v. Reeves, No. 112760 of the Municipal Court of the City of Boston (27 BTL 90) where the holder of the title contract of the automobile (commonly known as a conditional bill of sale), brought suit for damage to the automobile arising from a collision with another motor vehicle, it was held that' “the case falls within the principles enunciated in Nash v. Lang, 268 Mass. 407.”
In Associates Discount Corporation v. Reeves, supra, the division said “the only bar to the present plaintiff's right as owner of the general property to recover for damages to the chattel would be a recovery on behalf of the owner of the special property (vendee) for the same cause of action.” ■
In Johnson v. Holyoke, 105 Mass. 80, where a bailee sued fpr damages to the property bailed the court said, “the extent of the bailee's liability to his bailor, by virtue of the contract or relation between them, for the injury itself or for the damages recovered therefor from a wrongdoer . . ., are matters to be adjusted between bailor and bailee and do not affect the grounds or the measure of the liability of a third party by whose unlawful act or neglect the property has been injured
In the instant case there was no evidence of the recovery of damages by the owner of the special property (vendee) so there was no bar to the present action on the part of the owner of the legal title of the motor vehicle.
There was no error, therefore, in the denial fo request No. 6.
Request No. 7 is as follows:
“Upon all the evidence there must be a finding for the defendant for the reason that the plaintiff has failed to sustain the burden of proving by a fair preponderance of the evidence that it sustained damage.”
In the instant case it was agreed that the motor vehicle described' in the title contract was the motor vehicle damaged in this accident.
It was agreed also that a reasonable charge for repairing the damage to said motor vehicle amounted to $123.03 as shown by a repair bill of the J. J. Brodigan Motors. We think that this evidence warranted an inference by the trial judge that the repair work on the damaged motor vehicle had been done and as such there was no error in denial of request No. 7.
The owner of the general property rightfully brought the *155 action for damages and there was no legal bar to the suit. The fact that the defendant did not agree that the plaintiff was damaged to the extent of $123.03 did not prevent the con-, elusion of the trial judge because otherwise the evidence warranted the conclusion reached.
No error appearing, the order is

Report dismissed.