*Northern District*

No. 4575

## WALTER GOMES

v.

## ROBERT E. MARSH

(September 25, 1952)

CAVAN, J. This is an action of tort in which the plaintiff seeks to recover for damages to his automobile, caused, he alleges, by the negligence of the defendant.

This case and the case of *Walter Gomes* vs. *Charles Josephson anl Sherin Motors, Inc.,* 4 Mass. App.

Dec. 36, were tried together. For some reason, each appeared on different lists for sittings of the Appellate Division, and were not heard by the same judges.

On October 9, 1950, the plaintiff drove his automobile to the garage of Sherin Motors, Inc., in Cambridge, Massachusetts, to have its radiator repaired. It was raining, at the time, and one Josephson, the garage foreman, drove the plaintiff in said automobile to his place of employment and then proceeded to drive the automobile back to the garage, to make the necessary repairs.

At the intersection of Dana Street and Massachusetts Avenue, in said Cambridge, the plaintiff's automobile, driven by Josephson on the way to the garage, was in collision with the defendant's automobile, and the plaintiff's automobile was thereby damaged.

Josephson, and another witness, gave testimony that he entered the intersection from Dana Street at a speed of not more than eight miles an hour and that the plaintiff's automobile was in the intersection before the defendant's car entered it.

The defendant testified that he was proceeding on Massachusetts Avenue, at a speed of twenty miles an hour, and was going at a speed of from ten to twelve miles per hour at the time he entered the intersection. He saw the Gomes car when it was one hundred and fifty feet back from the point of collision. He then placed his car at a point one hundred feet from where the accident occurred. He did not see the Gomes car again until it was in front of him, and he applied his brakes just an instant before the accident.

Marsh further testified that his car was to the left of the center of Massachusetts Avenue, just before the accident, and that he placed his left hand fender four feet from the left hand curb immediately following the accident, and before his car was moved.

The trial judge found for the defendant, after ruling that, in the operation of the Gomes car, to and from Rindge School (Gomes' place of employment) Josephson was the agent of Gomes.

[34]

When Josephson left Gomes, at his place of employ-
ment, and drove away in Gomes' car, it was for the pur-
pose of getting it to the garage, of which he was foreman,
to repair it. Under these circumstances, he was not the
agent of Gomes, in so driving it. He thereby took the
automobile into the care and custody of his employer,
Sherin Motors, Inc., and a bailment was thereby created.
*Rourke* vs. *Cadillac Automobile Co.,* 268 Mass. 7, 8;
*Nash* vs. *Lang,* 268 Mass. 407, 410. It was error to rule
that, under such circumstances, Josephson was the agent
of Gomes.

In the report of this case, there is no specific finding
as to the negligence of Josephson or the defendant. While
a general finding imports a finding of all subsidiary facts
essential to that conclusion, *Moss* vs. *Old Colony Trust
Co.,* 246 Mass. 139, 143; *Nash* vs. *Lang,* 268 Mass. 407,
409, under the ruling of the judge, that Josephson was
the agent of Gomes, if Josephson was negligent, and his
negligence contributed to the accident, whether or not the
defendant was negligent was not essential to the finding,
but it would be otherwise if a bailment had been found.

In the report of the case tried with this case, Appel-
late Division, No. 4574, the judge found that Josephson
was negligent "when in a heavy rain he entered into
Massachusetts Avenue without waiting for Marsh to
pass." Nothing is reported as to the right of way. If the
defendant in this case was negligent, the plaintiff, bailor,
may recover. *Nash* vs. *Lang, supra.*

Because of error in the judge's ruling, the finding for
the defendant is to be vacated and a new trial ordered.

John J. Campbell, for the Plaintiff.

Roland J. Morin, for the Defendant.