*Northern District*

No. 4703

**DONALD S. BISHOP**

v.

**RALPH W. KENYON**

(February 25, 1954)

*Cavan, J.* This is an action to recover for property damages under Small Claims Procedure. It comes to the Appellate Division in the form of a report from the trial judge, under Rule 16 of the Small Claims Rules of the District Courts.

The defendant, who is not an attorney-at-law, appeared *pro se,* conducted his own defense, at the trial, and argued before this Division.

The judge found that the defendant operated his

motor vehicle in a negligent manner, when he backed into the parked car of the plaintiff; that he thereby damaged the plaintiff's car; that, the plaintiff's car was under control of a third person and that the plaintiff was a bailor. He further found that the car of the plaintiff was parked in violation of an ordinance of the City of Newton. and that there was no negligence on the part of the operator of the plaintiff's car.

There was a finding for the plaintiff.

The defendant, claiming that the violation of the ordinance of the City of Newton, and that there plaintiff's recovery of damages, requested the trial judge to have the matter determined by the Appellate Division.

There was no finding of personal negligence on the part of the plaintiff. The judge did find that he was a bailor and, because of such finding, the plaintiff was not prevented from recovering compensation for damages to his car, caused by the negligence of the defendant, regardless of the violation of the ordinance by the operator of the plaintiff's car. *Nash v. Lang*, 268 Mass. 407, 410-415.

If the operator of the plaintiff's car was one for whose conduct the plaintiff could be held liable, and if the violation of the ordinance had the effect of bringing about the consequences, then the defendant's claim would be valid. However, the finding that the plaintiff was a bailor indicates that the operator of his car was not one for whose conduct, in the operation of the car, the plaintiff could be held liable, *Nash v. Lang*, supra, and, from the finding that said operator was not negligent, it is to be inferred that the court found that the violation of the ordinance bore no casual relation to the accident. *Burke v. Durland*, 312 Mass. 291, 292, 293.

The refusal of the judge to rule that the violation of the ordinance prevents recovery was not error.

*Report dismissed.*

Monte G. Basbas, for the plaintiff.
Defendant, pro se.