*Northern District*

Nos. 4844 & 4844A

*Municipal Court of the Brighton District*

Nos. 64 & 249 of 1953

## MARJORIE E. DESMOND

v.

## ROBERT PINEO

## ROBERT PINEO

v.

## WILLIAM DESMOND

(November 22, 1955)

*Eno, J.* These are cross actions of tort to recover damages to motor vehicles as a result of their collision.

The first action is brought by Marjorie Desmond, hereinafter called the wife, the owner of one of the automobiles, against Robert Pineo, hereinafter called the defendant, the owner of the other automobile.

The other action is by the said Robert Pineo, against William Desmond, hereinafter called the husband, and operator and bailee of his wife's automobile.

*At the trial there was evidence tending to show that* the husband, operating his wife's automobile on his own business, was making a left turn from North Beacon Street at a speed of 8 to 12 miles per hour,

intending to go on to the Leo Birmingham Parkway edging toward the center of the road; that as he crossed the center line of the road he saw the motor vehicle operated by the defendant proceeding toward him on North Beacon Street about three or four car lengths away; and that he stopped just a second before the impact of the two automobiles.

There was also conflicting evidence from the defendant to the effect that the impact happened after his motor vehicle had been stopped for thirty seconds or more on his own side of the road approximately 15 feet from the intersection.

At the conclusion of the trial the trial judge ruled at the request of the wife that

"2.   On all the evidence, as a matter of law, a finding of concurring negligence of the operator of the plaintiff vehicle and the defendant, does not bar recovery by the plaintiff in the absence of agency. *Nash v. Lang;* 268 Mass. 407; *Bresnick v. Heath,* 292 Mass. 293."

and denied her two other requests for rulings, to wit:

"1.   On all the evidence, as a matter of law, a finding that the defendant was negligent is warranted.

2.   On all the evidence, as a matter of law, a finding for the plaintiff is warranted."

He also denied or took no action on the husband's requests for rulings in the other case against him, one of them being that

"7.   As a matter of law, a finding of any negligence on the part of the plaintiff bars his recovery."

The trial judge made the following findings of facts:

"Margaret (sic) E. Desmond testified she owned the 1949 Plymouth that was involved in the accident, that William Desmond, her husband, had her permission to drive the car, that she gave him no instructions how to drive and at the time of the accident he was not en-

gaged in any activity of mine. (sic) Wm. Desmond, hereinafter referred to as Desmond, was driving Martin Hughes home. Desmond and Hughes worked together. Desmond testified he received no instructions as to the operation of the vehicle. He drove down Parsons Street then onto North Beacon Street and as soon as passing vehicles permitted he attempted to cross No. Beacon Street to Birmingham Parkway. He looked up No. Beacon Street but he [did] not see anything coming.

No. Beacon Street at this point is a straight open street and the testimony was [that one] can see for 100 feet at least.

The accident happened on or about December 4, 1952, at about 8:15 a.m. The weather was fair and the light good.

Desmond said his speed immediately prior to the accident was 10 - 15 miles per hour. Pineo's motor vehicle was slightly into the intersection of North Beacon Street and Birmingham Parkway. Desmond would not estimate Pineo's speed. Desmond said he was moving. Pineo testified he was stopped and Desmond crashed into him. Pineo was on the right side of North Beacon Street and it was there that Desmond crashed into him.

There was no [tire] marks back of either car.

George F. O'Brien, driver of the car following Pineo's car on North Beacon Street, testified that Pineo had stopped his car at (sic) before the accident. Desmond first saw Pineo's [car] twelve and one half away.

I find that Desmond was negligent in failing to see the Pineo motor vehicle and in being on the left side of North Beacon Street where he drove into Pineo's motor vehicle. I find for case (268 Mass. 407) and for Robert Pineo and James Pineo as William Desmond was negligent."

There was a finding for the wife against the defendant, and a finding for the defendant as plaintiff in his action against the husband.

Both the wife and husband then filed motions for new trials and after a hearing thereon, both motions were denied, and the trial judge changed his finding in the first action, from one for the plaintiff wife, to one for the defendant, without making any new findings of facts.

They both then filed draft reports and because of undue delay by the trial judge in disposing of them, this consolidated report was established by this division. Rule 30, Rules of District Courts (1952).

The wife and husband claim to be aggrieved "by the inconsistent finding in that the Court found under *Nash v. Lang*, 268 Mass. 407 that Robert Pineo was negligent in order to grant Marjorie E. Desmond a recovery, and also claiming to be aggrieved in that the inconsistent finding is a mistake of law so injurious as to affect the substantial rights of both, and for the further reason that the Court's failure to grant Motions for New Trials has resulted in an injustice and for the further reason that the Court could not arbitrarily change its decision against Marjorie E. Desmond to circumvent its inconsistency in law."

At the trial the judge correctly instructed himself by allowing the wife's second request that she could recover for the concurring negligence of her husband and the defendant. *Nash v. Lang,* 268 Mass. 407.

A collision between automobiles at intersecting streets generally presents fact questions as to the due care and contributory negligence of the respective operators. *Bresnick v. Heath,* 292 Mass. 293, 297; and cases cited.

He found as a fact that the husband was negligent, and by finding against the defendant he impliedly found that he was also negligent, and, therefore, a finding for him against the husband was incorrect, since his negligence would bar his recovery. This is

the error which he apparently tried to correct by changing his finding.

By their failure to file requests for reports and draft reports the husband and wife have lost their rights to have their requests for rulings considered on appeal. Rules 27 and 28, Rules of District Court (1952).

A motion for new trial was the proper method to raise the question of the inconsistency in the findings. *Duralith Corp. v. Leonard*, 274 Mass. 397, 401; *DiLorenzo v. Atlantic Nat. Bank*, 278 Mass. 321, 323, 324; *Caton v. Winslow Bros. & Smith Co.*, 309 Mass. 150, 154, and ordinarily such a motion rests in sound judicial discretion, *Davis v. Boston El. Ry.*, 235 Mass. 482, 496, 497; *Squires v. Toye*, 291 Mass. 342, 343; *DeLuca v. Boston El. Ry.*, 312 Mass. 495, 497.

Instead of allowing the motions the judge chose the method of correcting his findings. This he had the power to do until final judgment. *Sheriff v. Gillow*, 320 Mass. 46, 49 and cases cited.

However such a revision is unfortunate, we think that, as was said in that case "it is more important for a judge to do justice according to his oath and his conscience than to avoid criticism. If further reflection convinces him that he has erred in an announced decision, he ought to correct his error while he still has the power."

As in that case we think the record before us shows no error on the part of the trial judge and, therefore, the report is to be dismissed.

Harry Sloper, for the Desmonds.