Canavan, J.
This is an action of tort in which the plaintiff seeks to recover damages for injuries alleged to have been received as a result of a motor vehicle accident occurring in Roxbury, Massachusetts, on November 8, 1969. The plaintiff was a passenger in a rented motor vehicle owned by the defendant Econo-Car Rental System of Boston, Inc. (hereinafter referred to as Econo) and operated by the renter, Roosevelt Harrison (hereinafter referred to as Harrison).
The answer contained a general denial, contributory negligence, statute of limitations, violation of law, illegal registration and, further answering, the defendant said that at the same time and place alleged in the declaration (complaint) the defendant’s motor vehicle was not being operated by or under the control of a person for whose conduct the defendant was legally responsible.
At the trial, there was evidence tending to show that the plaintiff was a passenger in a motor vehicle rented from the defendant by Harrison and operated by Harrison when it was in collision with another motor vehicle at or near the intersection of Columbus Avenue and Roxbury Street in Boston.
The plaintiff suffered multiple cuts on her head and she was taken to the Peter Bent Brigham Hospital on the night of the accident and released.
At the close of the plaintiffs case, the defendant orally moved for a directed finding on the grounds that the negligence of a bailee is not imputed to the bailor and that no evidence of negligence on the part of the defendant, Econo, had been introduced. The motion was denied by the court. The defendant offered no evidence and rested. The court found for the plaintiff and fixed damages in the amount of $20,000.00.
The court made the following findings of fact:
The plaintiff here sues in tort to recover for injuries received as a result of an automobilé accident on November 8, 1969. The defendant’s answer to plaintiffs declaration was a general denial. Defendant produced no witnesses, and plaintiff alone testified.
In the early morning hours of November 8, the plaintiff was travelling as a guest in a car driven by one Roosevelt Harrison. Plaintiff testified the car was leased by the driver from the defendant, the car’s registered owner.
The plaintiff and Harrison were returning to Boston from Everett where they had attended a night club. At the club, Harrison consumed two drinks. The weather was rainy, the streets were wet and visibility poor. As the Harrison car proceeded out of Egleston Square toward Roxbury Crossing in a *313 northerly direction on Columbus Avenue, it was travelling about 60 m.p.h.. At this excessive rate of speed, the Harrison vehicle collided with a car which was stopped and faced Southerly on Columbus Avenue at the intersection of Columbus and Roxbuiy Street. The point of the accident was several miles from Egleston Square.
As Harrison drove away from Egleston Station, plaintiff repeatedly requested that he reduce his speed, but he did not do so. When, just before the impact, she observed the car into which Harrison eventually collided, plaintiff asked the driver again to ‘slow down’ and ‘watch out’; he refused to heed her warnings. He persisted in maintaining his excessive speed despite the poor weather conditions and even as he approached an intersection.
At the point of impact, the driver was knocked unconscious. Firemen eventually removed him from the vehicle. The plaintiffs head was thrust into the windshield, and she suffered several gashes on her forehead, for which she received hospital treatment. These cuts were sutured and plaintiff returned for hospital treatment on three occasions after the accident.
The plaintiffs vocation is that of a professional singer. She was unemployed at the time of the accident. She was confined to her home for four days after the accident.
At the time of the trial, almost 13 years after the accident, plaintiffbore two raised scars, each of about 2-2% inches in length^ and one smaller scar of about % inches, on her forehead. The scars are clearly visible and somewhat disfiguring. At the time of her accident, plaintiff was 25 years old. Plaintiff testified to the embarrassment she has suffered on account of these scars, her attempts to style her hair in a way so as to disguise them, and her unsuccessful efforts to have them surgically removed or improved.
On these facts, I find that the plaintiff was a guest in the defendant’s car, that the driver, Roosevelt Harrison, was grossly negligent in his operation of the defendant’s car at the time of the accident, and further that this negligence was the proximate cause of the plaintiff’s injuries.
At the conclusion of the plaintiff’s case, the defendant moved for a directed finding. The Court denies that motion.
I find for plaintiff in the amount of $20,000.
The Appellate Division remanded the case to the trial justice for further findings with the following order:
‘ ‘The Appellate Division has difficulty in interpreting from the findings whether there was a bailment or not. Further, there is difficulty in determining whether, from those findings, the trial justice meant there was either control by the bailor if there was a bailment, or whether there was an agency involved.”
The trial justice, in response, made further findings as follows:
1. I find that at the time of the operation here, the defendant was the registerd owner of the vehicle driven by Roosevelt Harrison.
2. Pursuant to Chapter 231, § 85 A, I take the fact of registration as prima facie evidence that an agency relationship existed between Harrison and the defendant.
3. This prima facie evidence was not controverted by the defendant at the trial of this matter.
The court was warranted in finding the plaintiff in the exercise of due care and that Harrison was grossly negligent in the operation of the motor vehicle in which the plaintiff was a passenger and in finding a causal connection between that negligence and the injuries suffered by the plaintiff.
The sole question we must decide is whether the trial judge made contradictory *314 findings of the existence of an agency under Chapter 231, § 85 A and also the existence of a bailment as a result of a rental and/or lease of the motor vehicle by Econo to Harrison. We find that there were contradictory findings made by the trial judge.
In the court’s further findings of fact, it found that at the time of the operation of the motor vehicle by Harrison, the defendant was the registered owner and that pursuant to Chapter 231, § 85 A[1] took the .fact of registration as prima facie evidence that an agency existed between Harrison and the defendant, and that this prima facie evidence was not controverted by the defendant, thereby making the defendant liable for the plaintiff s injuries.
The court also found in its findings of fact that there was evidence tending to show that the plaintiff was a passenger in a motor vehicle rented from the defendant by Harrison and operated by Harrison when it was involved in an accident with another vehicle. In addition, the trier of fact found that the plaintiff testified that the car was leased by the driver, Harrison, from the defendant, Econo, the car’s registered owner. These findings by the court of a rental and/or lease between Harrison and the defendant have all the ingredients for the creation and existence of a bailment between Harrison and the defendant at the time of the accident. Nowhere in the court’s findings did it make a reference to a bailment other than say that a prima facie evidence of c. 231, § 85A was not controverted.
A bailment and an agency are different in kind. As Rugg, C.J. said in the landmark case of Nash v. Lang, 268 Mass. 407 (1929): “The case last cited settles the law to be that the bailee is not the agent of the bailor. The law of bailment is a special branch of jurisprudence under the common law. It is founded upon express or implied contract between the parties. The delivery of a chattel in bailment, apart from specific stipulation, confers upon the bailee the right to use and enjoy possession free from control by the bailor, subject to the obligation to do so with care, with due regard to its nature and characteristics and its preservation in safety, and to return it in good order barring unavoidable casualties at the expiration of the bailment. The general title remains in the bailor; the bailee has a special interest for the purposes of the bailment. The bailor may maintain an action against a third person for permanent injury to the chattel or for its conversion or for its replevin .... The bailee does not stand in the place of the bailor nor represent him. He is not the servant or agent of the bailor. The bailor is not responsible for the conduct of the bailee. The two have separate, distinct and independent rights and obligations with respect to each other and with respect to each other, and with respect to third persons .... The stipulation of negligence rests upon the relation of master and servant, principal and ageny
Clearly, under a finding of an agency, Harrison’s negligence would be imputed to the defendant and make it liable to the plaintiff. RESTATEMENT (SECOND) OF AGENCY § 219 (1958); NOLAN, MASS. PRACTICE (Vol. 37) § 262; Ballou v. Fitzpatrick, 283 Mass. 336- (1933).
However, under findings showing the existence of a bailment, the negligence of Harrison would not be imputed to the defendant so as to make it liable to the plaintiff. PROSSER, LAW OFTORTS (4th ed.) § 74; NOLAN, MASS. PRACTICE (Vol. 37) § 263; Nash v. Lang, 268 Mass. 407 (1929).
We conclude that it does not appeal to our sense of justice to hold one liable in a case where there are contradictory findings by the trial judge of both an agency and a bailment *315 and there should be a new trial.
Judgment for the plaintiff vacated.
New trial ordered.

 Chapter 231, § 85A: “In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such an accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defense to be set up in the answer and proved by the defendant.’*