O’Toole, J.
The plaintiff was injured in an automobile accident that occurred when she was a passenger in a car owned by the defendant and driven by a third person. The sole issue presented by this appeal is whether the trial judge correctly declined to rule, as requested by the plaintiff, the defendant was legally responsible for the conduct of the driver of the automobile by reason of the presumption set forth in G.L.c. 231, §85A. There was no error.
The Trial Court found the following facts:
The Court finds that the plaintiff was injured while a passenger in a car operated by one Roosevelt Harrison. Harrison had leased the car from the defendant. The Court further finds that the operator Harrison was neither an agent nor employee of the defendant. The negligence of the operator cannot be [imputed ] to the defendant. The Court finds for the defendant.
The plaintiff requested the following ruling from the Court (Request #6):
Where the evidence shows that at the time of the accident, the vehicle involved in the accident, a 1969 Mercury Montego, Mass. Reg. #888-162 was registered to defendant, as a matter of law, this Court must find that it was then and there operated by and under the control of a person for whose conduct defendant was legally *64 responsible, where defendant has introduced no evidence to rebut this prima facie evidence.
On this request, the Trial Court ruled: “Denied, see findings.”
At the trial, there was no evidence that tended to establish that the operator of the vehicle was in fact an agent or employee of the defendant. The plaintiff relies solely on the presumption created by §85A.
There was, however, evidence tending to establish the contrary. There was evidence at the trial from both parties that the operator of the vehicle had rented the car from the defendant. There was further evidence at the trial from the defendant’s witness that the operator of the car was not an employee of the defendant. The trial judge was entitled to give such testimony whatever weight and credit, in his judgment, it was fairly entitled to receive.
Contrary to the plaintiffs assertion in Request #6, this evidence tended to rebut the prima facie evidence of responsibility created by the statute. That is, the evidence tended to establish that the driver of the car was not an agent or employee of the defendant but rather a renter of the car. Once the defendant has offered evidence tending to rebut the statutory prima facie evidence, the issue is for the fact finder to determine. See Cook v. Farm Service Stores, Inc., 301 Mass. 564, 566-69 (1938). On the evidence, the trial judge’s conclusion that the operator of the vehicle was a renter of the car and not an agent or employee of the defendant was not clearly erroneous and must stand.
The judge correctly ruled the negligence of the operator, in these circumstances a bailee, could not be imputed to the defendant, the bailor. Nash v. Lang, 268 Mass. 407 (1929). The Court’s denial of Request #6 was proper and the report must be, and hereby is, dismissed.
Report dismissed.